United States Court of Appeals,

Fifth Circuit.

No. 92-1962

Summary Calendar.

Charles E. SAUNDERS, Plaintiff-Appellant,

v.

George H.W. BUSH, President and Chief Executive Officer of the United States of America, et al., Defendants-Appellees.

Feb. 28, 1994.

Appeal from the United States District Court for the Northern District of Texas.

Before GARWOOD, SMITH, and DeMOSS, Circuit Judges.

DeMOSS, Circuit Judge:

## I. BACKGROUND

This appeal concerns the alleged "malicious political persecution" and malicious prosecution of plaintiff-appellant Charles E. Saunders ("Saunders"), a *pro se* litigant, by officers, agents and/or employees of the United States, in violation of the Federal Tort Claims Act[1] ("FTCA"), the First, Fifth and Eighth Amendments of the United States Constitution, and 42 U.S.C. §§ 1981 and 1985.

Saunders' suit has its origin in an administrative proceeding brought against him by the United States Department of Labor ("DOL"). On March 5, 1990, the Acting Administrator of DOL's Wage and Hour Division filed a complaint with DOL's Office of Administrative Law Judges, through defendant James E. White,

---

[1]28 U.S.C. § 2671, *et seq.* (1965 & Supp.1993).

1

Regional Solicitor for DOL's Office of the Solicitor of Labor. The DOL complaint alleged that Saunders, doing business as American Shamrock Building Maintenance ("American Shamrock"), violated certain provisions of the McNamara-O'Hara Service Contract Act[2] ("McNamara-O'Hara Act") pertaining to classification of employee wage rates, and calculation of employee work hours and holiday pay.

A formal hearing on the DOL complaint was conducted before an Administrative Law Judge ("ALJ") on October 30-31, 1991. Defendant Daniel Curran, an attorney with DOL's Office of the Solicitor, represented DOL in this hearing. On February 27, 1992, the ALJ issued a Decision and Order finding no violations of the McNamara-O'Hara Act by Saunders d/b/a American Shamrock and ordering DOL to remit all monies withheld from payment under DOL's contract with Saunders. DOL's Acting Administrator is currently appealing the ALJ's Decision and Order.

On March 17, 1992, Saunders filed the instant suit, claiming that the defendants falsely, maliciously and without probable cause, conspired to bring a claim against him d/b/a American Shamrock for violations of the McNamara-O'Hara Act.[3] Specifically, Saunders' amended complaint asserts that "[d]efendant White, in conspiracy with unknown others[,] acted with malice and without

_____

[2]41 U.S.C. § 351, *et seq.*; 29 C.F.R. Parts 4, 6.

[3]Saunders filed his original complaint on March 17, 1992. On May 15, the defendants filed their initial motion to dismiss. Thereafter, on May 21, Saunders filed an amended complaint. The defendants responded to Saunders' amended complaint with a second motion to dismiss, filed June 1. In addressing the defendants' subsequent motion, the district court ruled that Saunders' amended complaint was controlling.

probable cause in issuing the complaint ... and instigating the prosecution, ... with the intent to injure and damage [Saunders]." He further charges that "[d]efendant George H.W. Bush, with constructive knowledge[,] conspired and acted in concert with the defendant co-conspirators by giving tacit approval of [DOL's] abuse of the legal process to injure and damage [Saunders]." Saunders' amended complaint contains no allegations pertaining to defendant Lynn Martin, the former Secretary of Labor, and defendant Curran's role in this matter.

According to Saunders' amended complaint, the defendants undertook these acts of alleged "malicious persecution" and malicious prosecution in direct retaliation for a civil rights complaint previously filed by Saunders against the United States Department of Housing and Urban Development ("HUD") and former HUD Secretary Jack Kemp.[4] These acts are also alleged to be "in furtherance and continuation of twenty-one years of harassment, attempted intimidation, and political persecution [of Saunders] resulting originally from his "whistle-blowing' concerning racial discrimination in the United States Air Force ... [and] his unrelenting quest for social, economic and political equality."

When the defendants moved to dismiss Saunders' suit, the district court obliged. The court construed Saunders' amended complaint to charge the defendants with malicious prosecution under the FTCA and dismissed such claims with prejudice for lack of

---

[4]Saunders initially filed this administrative complaint against HUD in November, 1989.

3

subject-matter jurisdiction. Fed.R.Civ.P. 12(b)(1). It also dismissed Saunders' § 1981 and § 1985 claims without prejudice for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). Rule 11 sanctions were imposed against Saunders, calculated as a $500 fine, reasonable costs and attorneys' fees. Saunders filed this timely appeal on November 4, 1992, requesting review of the district court's dismissal of his claims and of the imposition of Rule 11 sanctions.

## II. DISCUSSION

### A. Dismissal of FTCA Claims under Rule 12(b)(1)

The district court correctly treated Saunders' malicious prosecution claims as tort claims under the FTCA. The FTCA creates a statutory cause of action against the United States for torts committed by federal officials within the scope of their employment. 28 U.S.C. § 2671, *et seq.* The tort of malicious prosecution, however, is not cognizable under the FTCA. *Id.* § 2680(h). Moreover, persons seeking recovery under the FTCA must first present their "claim to the appropriate Federal agency," and such claim must be "finally denied by the agency" before suit may be brought in Federal Court. *Id.* § 2675(a). In light of this law, the district court correctly dismissed Saunders' malicious prosecution claims under the FTCA. *Reynolds v. United States,* 748 F.2d 291 (5th Cir.1984).

### B. Dismissal of *Bivens,* § 1981 and § 1985 Claims on Immunities Grounds

Saunders' amended complaint charges the defendants with violating the First, Fifth, and Eighth Amendments as well as § 1981

4

and § 1985 of Title 42.[5]  Apparently the district court did not construe Saunders' amended complaint to raise any *Bivens* claims. *Bivens v. Six Unknown Fed. Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) (recognizing a right implied directly under the Constitution to recover damages against a federal official for a violation of a constitutional right).  While we find no fault in the court's construal, we nevertheless, in the interest of thoroughness, address the dismissal of any *Bivens* claim.  Assuming without deciding that *Bivens* claims are cognizable under these Amendments, we conclude that such claims, as well as his § 1981 and § 1985 claims are barred in the present action by the defendants' absolute and qualified immunities.

Former President Bush enjoys absolute immunity from damage liability for acts within the " "outer perimeter' " of his official responsibility. *Nixon v. Fitzgerald,* 457 U.S. 731, 755, 102 S.Ct. 2690, 2704, 73 L.Ed.2d 349 (1982).  Here, the only "act" with which the President is charged is "giving tacit approval[,]" as "the president and chief executive officer of the Government of the United States of America[,]" of the DOL's alleged "abuse of the

---

[5]Saunders' pleading explicitly states that the defendants' malicious prosecution of the DOL complaint was a form of cruel and unusual punishment in violation of the Eighth Amendment.  The pleading is less clear as to the bases of Saunders' first and fifth amendment claims.  We glean from his amended complaint, responsive motions and appellate briefs that Saunders is claiming that the alleged malicious prosecution violated his fifth amendment right to equal protection.  Based on a combined reading of the aforementioned documents, it does not seem that Saunders predicates any recovery or relief on an alleged first amendment violation.  Rather, Saunders seems to be using his first amendment right to petition the courts for redress as a sword with which to strike down the defendants immunities defense.

legal process to injure and damage plaintiff." This allegation charges the former President with conduct within the perimeter of his responsibilities as chief of the executive branch. Therefore, he is absolutely immune from suit. *See Id.* at 756, 102 S.Ct. at 2705.

Defendant White is charged with liability for his "instigat[ion] [of] the [DOL] prosecution[.]" "[O]fficials who are responsible for the decision to initiate or continue a proceeding subject to agency adjudication are entitled to absolute immunity from damages liability for their parts in that decision." *Butz v. Economou,* 438 U.S. 478, 516, 98 S.Ct. 2894, 2916, 57 L.Ed.2d 895 (1978). White is entitled to absolute immunity from suit. *See Id.*

Saunders does not make any allegation as to Defendant Curran's role in the DOL prosecution. However, the record reflects that Curran was the DOL attorney who actually prosecuted the complaint against Saunders at the two day hearing. "[A]n agency attorney who arranges for the presentation of evidence on the record in the course of an adjudication is absolutely immune from suits based on the introduction of such evidence." *Id.* at 516, 98 S.Ct. at 2916. Curran is absolutely immune from suit. *See Id.*

Federal officials are accorded qualified immunity from liability for damages arising from conduct which is not violative of "clearly established law" of which a reasonable person would have known. *Harlow v. Fitzgerald,* 457 U.S. 800, 807, 819, 102 S.Ct. 2727, 2732, 2738, 73 L.Ed.2d 396 (1982); *Austin v. Borel,* 830 F.2d 1356, 1358-59, 1363 (5th Cir.1987), *reh'g denied, en banc,*

836 F.2d 1346 (5th Cir.1987). Saunders not only fails to allege any facts indicating that defendant Martin violated clearly established law, but also fails to make *any* allegations against Martin whatsoever.[6] Martin is entitled to immunity as well.

C. Rule 11 Sanctions

In previous matters of which the district court took judicial notice, Saunders' claims against then President Reagan were dismissed as frivolous on the basis of the President's absolute immunity. Saunders was warned that sanctions would be imposed if he filed another frivolous suit. Despite this warning, Saunders filed yet another frivolous suit, this time against former President Bush. We find no abuse in the district court's discretionary imposition of sanctions.

### III. CONCLUSION

The district court's judgment is in all respects AFFIRMED.

---

[6]Saunders may be relying on the doctrine of *respondeat superior* as a basis for imposing liability on the former Secretary as well as the former President. However, that doctrine of vicarious liability is not a permissible basis for holding these defendants liable. *See Abate v. Southern Pacific Transp. Co.,* 993 F.2d 107, 111 (5th Cir.1993); *cf. Monell v. Dept. of Soc. Serv. of City of N.Y.,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).