United States Court of Appeals,

Fifth Circuit.

No. 94-60337

Summary Calendar.

George WICKS, Sr., Plaintiff-Appellee,

v.

MISSISSIPPI STATE EMPLOYMENT SERVICES, et al., Defendants,

Hazel Cook, Defendant-Appellant.

Jan. 6, 1995.

Appeal from the United States District Court for the Northern District of Mississippi.

Before POLITZ, Chief Judge, KING and STEWART, Circuit Judges.

POLITZ, Chief Judge:

Hazel Cook appeals the district court's denial of a protective order preventing all discovery prior to consideration of her motion to dismiss. For the reasons assigned, we reverse and remand for further proceedings consistent herewith.

*Background*

George Wicks, Sr., an African-American male, applied for a management position with his employer, the Mississippi State Employment Service. The promotion was given to a white employee. Wicks filed suit against MSES and Hazel Cook, a former supervisor of Wicks, asserting both a racial discrimination claim[1] and a first amendment claim.[2] On April 13, 1994 Cook contemporaneously filed

---

[1] 42 U.S.C. § 1981 (Supp. III 1991).

[2] 42 U.S.C. § 1983 (1988). Wicks also asserted a claim under Title VII of the Civil Rights Act of 1964 against the MSES. That

two motions:  (1) a "Motion to Dismiss, or in the Alternative, for Summary Judgment," which asserted the defense of qualified immunity[3] and (2) a "Motion to Hold Discovery in Abeyance" pending the consideration of Cook's qualified immunity defense.

With the motion to dismiss pending before the district court, the discovery motion was referred to a magistrate judge who issued an order staying all discovery except for that related to Cook's defense of qualified immunity.  Cook objected to this limited discovery order and the district court affirmed the magistrate judge.

Cook appeals the order allowing discovery on the issue of qualified immunity.  The motion to dismiss remains pending before the district court.

*Analysis*

Wicks vigorously maintains that we are without subject matter jurisdiction to hear this appeal of a discovery order. "Ordinarily, an order compelling limited discovery is interlocutory and not appealable under the final judgment rule...."[4]  The Supreme

---

claim is not at issue in this appeal.

[3] "Although the statutory language of § 1983 does not expressly provide for an immunity defense, courts have consistently held that "government officials are entitled to some form of immunity from suits for damages.  As recognized at common law, public officers require this protection to shield them from undue interference with their duties and from potentially disabling threats of liability.' "  *Geter v. Fortenberry (Geter I),* 849 F.2d 1550, 1552 (5th Cir.1988) (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 806, 102 S.Ct. 2727, 2731, 73 L.Ed.2d 396 (1982)).

[4] *Lion Boulos v. Wilson,* 834 F.2d 504, 506 (5th Cir.1987) (citing 28 U.S.C. § 1291 (1986)).

2

Court has held, however, that orders denying substantial claims of qualified immunity are immediately appealable under the collateral order doctrine.[5] Cook equally vigorously contends that in allowing limited discovery on the issue of qualified immunity, the district court effectively has denied her the benefits of the qualified immunity defense, the most relevant being the protection from pretrial discovery.[6] Thus, she argues, the district court's order is appealable immediately under the collateral order doctrine and this court has appellate jurisdiction. We hold today that the discovery order denied Cook the benefits of the qualified immunity defense, thereby vesting this court with the requisite jurisdiction to review the discovery order.[7]

In *Lion Boulos v. Wilson,* we held that a party asserting the defense of qualified immunity is not immune from all discovery, only that which is "avoidable or overly broad."[8] We stated that when the district court "is unable to rule on the immunity defense without further clarification of the facts" and when the discovery order is "narrowly tailored to uncover only those facts needed to rule on the immunity claim," an order allowing such limited discovery is neither avoidable nor overly broad.[9] Under those

---

[5]*Mitchell v. Forsyth,* 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985).

[6]*Helton v. Clements,* 787 F.2d 1016 (5th Cir.1986).

[7]*Mitchell.*

[8]834 F.2d at 507.

[9]*Id.* at 507-08. The *Lion Boulos* court noted that when the assertion of the qualified immunity defense turned purely on a

3

conditions, we held that the appellate court was without jurisdiction to review the discovery order.

Discovery under *Lion Boulos,* however, must not proceed until the district court *first* finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity.[10]  This heightened pleading requirement, first articulated in *Elliott v. Perez,*[11] requires Wicks to allege the

---

question of law, the district court should rule on the motion to dismiss without discovery.  *Id.* at 508.  The same would be true if the facts upon which the defense of qualified immunity turned were not disputed by the parties.  *See Anderson v. Creighton,* 483 U.S. 635, 646 n. 6, 107 S.Ct. 3034, 3042 n. 6, 97 L.Ed.2d 523 (1987) ("[I]f the actions Anderson claims he took are different from those the Creightons allege ... then discovery may be necessary before Anderson's motion for summary judgment on qualified immunity grounds can be resolved.").

[10]*Foster v. City of Lake Jackson,* 28 F.3d 425, 428 (5th Cir.1994) ("The burden of negating the defense lies with the plaintiffs.");  *Geter I,* 849 F.2d at 1554 ("Where a plaintiff's pleadings assert facts which, if proven, would defeat a qualified immunity defense, limited discovery may be permitted tailored to the issue of qualified immunity.");  *Lion Boulos* (citing *Elliott v. Perez,* 751 F.2d 1472 (5th Cir.1985));  *Brown v. Texas A & M Univ.,* 804 F.2d 327, 333 (5th Cir.1986) ("[T]he issue of qualified immunity is a threshold question, and "[u]ntil this threshold immunity question is resolved, discovery should not be allowed.' ") (citing *Harlow,* 457 U.S. at 817, 102 S.Ct. at 2738 (1982).  *See also Jacquez v. Procunier,* 801 F.2d 789 (5th Cir.1986).

[11]751 F.2d 1472 (5th Cir.1985 (citing *Leatherman v. Tarrant County Narcotics Unit,* --- U.S. ----, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993)), Wicks contends that the heightened pleading standard cannot be reconciled with the concept of notice pleading set forth in the Federal Rules of Civil Procedure.  We note, however, that the *Leatherman* decision expressly refrained from considering "whether [its] ... qualified immunity jurisprudence would require a heightened pleading in cases involving individual government officials."  *Id.* at ----, 113 S.Ct. at 1162.  In the absence of such a ruling, we are bound to follow the decisions of prior panels which have required plaintiffs to meet the heightened standard.  *Schultea v. Wood,* 27 F.3d 1112 (5th Cir.1994), *reh'g en banc granted* (Aug. 26, 1994).  *See also Branch v. Tunnell,* 14

4

particular facts forming the basis of his claim, including those preventing Cook from successfully maintaining a qualified immunity defense. To overcome the immunity defense, the complaint must allege facts that, if proven, would demonstrate that Cook violated clearly established statutory or constitutional rights.[12] Heightened pleading demands more than bald allegations and conclusionary statements.[13] Wicks must allege facts specifically focusing on the conduct of Cook which caused his injury.[14]

If Wicks' complaint falls short of this standard, the district court should rule on the motion to dismiss before any discovery is allowed.[15] The allowance of discovery without this threshold showing is immediately appealable as a denial of the true measure of protection of qualified immunity.[16] If the complaint

---

F.3d 449 (9th Cir.) (holding that a panel is bound by prior panel's adoption of heightened pleading because *Leatherman* did not undermine that precedent), *cert. denied,* --- U.S. ----, 114 S.Ct. 2704, 129 L.Ed.2d 832 (1994).

[12]*Jacquez* (citing *Harlow*).

[13]*Streetman v. Jordan,* 918 F.2d 555 (5th Cir.1990).

[14]*Jacquez.*

[15]*See Geter I,* 849 F.2d at 1554 ("Where a plaintiff's pleadings assert facts which, if proven, would defeat a qualified immunity defense, limited discovery may be permitted tailored to the issue of qualified immunity."); *Geter v. Fortenberry (Geter II),* 882 F.2d 167 (5th Cir.1989) (accord).

[16]In its decisions in *Harlow* and *Mitchell,* the Supreme Court made clear that immunity means more than just immunity from liability; it means immunity from the burdens of defending a suit, including the burdens of pretrial discovery. Thus, "courts have an obligation to carefully scrutinize a plaintiff's claim before subjecting public officials to the burdens of broad reaching discovery." *Jacquez,* 801 F.2d at 791. The failure to do so is immediately appealable under *Mitchell.*

5

alleges facts to overcome the defense of qualified immunity, the district court may then proceed under *Lion Boulos* to allow the discovery necessary to clarify those facts upon which the immunity defense turns.[17]

Thus, the initial step in our review requires an examination of Wicks' complaint to see if his allegations negate Cook's defense of qualified immunity. In so doing, we find two allegations against Cook. First, Wicks complains that Cook violated his first amendment rights by discriminating against him because of his protests of two reprimands issued by Cook. His complaint states:

> [T]he fact that Plaintiff [Wicks] had exercised his First Amendment rights by appealing and protesting two unjustified write-ups given him by the Defendant, Hazel Cook, Plaintiff's supervisor, also contributed to the failure to get the promotion. Hazel Cook contributed to Plaintiff's failure to get the promotion because she entertains a hostility toward Plaintiff because of his protesting the unjustified write-ups that she had given him.
>
> . . . . .
>
> [H]er adverse comments about Plaintiff, ... based upon Plaintiff's protesting unjustified employment actions against him was [sic] also a proximate cause of Plaintiff's not getting the promotion.

Our decisions have established that a public employee asserting a first amendment claim against his employer must show that the speech in question involves a matter of public concern, that his interest in commenting upon those matters is greater than the defendant's interest in promoting efficiency in delivery of public services, and that his speech motivated the defendant's offensive

---

[17]*Lion Boulos; Geter I.*

6

acts.[18]

Wicks' allegations fail to suggest how Cook violated his clearly-established first amendment rights. The most expansive reading of his complaint discloses no basis for a finding that his charges about poor "write-ups" are a matter of public concern. Moreover, the allegation that his speech motivated Cook's tortious acts is wholly conclusionary. Nor did Wicks allege exactly what he believes Cook did to prevent his promotion.[19] The gravamen of Wicks' complaint appears to be nothing more than an attempt to redress a personal grievance, a claim not generally actionable against a public employer.[20]

Wicks also complains that Cook discriminated against him on the basis of race,[21] stating in his complaint that:

---

[18]*Thompson v. City of Starkville,* 901 F.2d 456 (5th Cir.1990).

[19]Wicks argues in brief that Cook "poisoned the well" by making adverse verbal comments and by making "unjustified and unsubstantiated negative written reports" while his supervisor. Whereas these arguments may be more specific, we may not consider them because they do not appear in the pleadings, the focal point of the inquiry under *Elliott.*

[20]*Thompson,* 901 F.2d at 461 ("The rationale behind the public concern requirement is to prevent public employees from relying on the Constitution for redress of personal grievances.") (citing *Connick v. Myers,* 461 U.S. 138, 149, 103 S.Ct. 1684, 1691, 75 L.Ed.2d 708 (1983)).

[21]We note that Wicks brings this claim under 42 U.S.C. § 1981. Racial discrimination claims under this section also are subject to the defense of qualified immunity. *See Saunders v. Bush,* 15 F.3d 64 (5th Cir.1994) (barring section 1981 claim due to absolute and qualified immunity of defendants). Although the heightened pleading standard enunciated in *Elliott* has been applied only in the context of section 1983 claims, the rationale of that decision applies to all civil rights actions where the defense of qualified immunity is asserted. An immunity from suit

7

> Hazel Cook customarily and habitually treated black employees in a less favorable fashion than white employees, and her adverse comments about Plaintiff, based upon race and based upon Plaintiff's protesting unjustified employment actions against him, was also a proximate cause of Plaintiff's not getting the promotion.

Again, Wicks makes only broad and wholly conclusional allegations that Cook discriminated against him on the basis of race. While Wicks does allege racial animus, an element of the *prima facie* case for his discrimination claim, he fails to allege any conduct of Cook that could be considered to "violate a clearly established statutory ... right."[22] At best, Wicks states the conclusion that his race is the cause of any adverse comments Cook may have made. Wicks must allege particular facts showing behavior by Cook motivated by racial animus. To merely make the charge is insufficient; the complaint must "state with factual detail and particularity the basis for the claim which necessarily includes why the defendant-official cannot successfully maintain the defense

---

does not vary with the statutory basis for that suit, and as we said in *Elliott:*

> [W]e conclude that allowing broadly-worded complaints, such as those of the plaintiffs here, which leaves to traditional pretrial depositions, interrogatories, and requests for admission the development of the real facts underlying the claim, effectively eviscerates important functions and protections of official immunity.

[22]*See Jatoi v. Hurst-Euless-Bedford Hosp. Auth.,* 807 F.2d 1214, 1219 (5th Cir.1987), *cert. denied,* 484 U.S. 1010, 108 S.Ct. 709, 98 L.Ed.2d 660 (1988) (holding that section 1981 claim requires direct or circumstantial evidence of purposeful discrimination).

> 751 F.2d at 1476. Thus, Wicks must meet the heightened pleading standard for his section 1981 claim as well as his section 1983 claim.

of immunity."[23]  Wicks' complaint is devoid of such detail; accordingly, we conclude that Wicks has failed to state a racial discrimination claim sufficient to overcome Cook's defense of qualified immunity.

Because we find that Wicks failed to meet the threshold pleading requirements for either of his claims, we hold that *any* discovery by Wicks, even that limited in scope, is improper and immediately appealable as a denial of the benefits of the qualified immunity defense.  Because of this disposition of the discovery issue, we need not address whether the immunity defense sufficiently turned on a factual issue requiring discovery under *Lion Boulos.*  Moreover, we need not address Cook's contention that the discovery order was overly broad.

We are aware that by requiring heightened pleading before discovery some plaintiffs will be unable to state a claim.  But, as noted in the concurring opinion in *Elliott,* the "denial of some meritorious claims is the direct product of the immunity doctrine which weighed these losses when it struck the policy balance."[24] The seeming unfairness of this conclusion is tempered by this circuit's directives to allow a plaintiff initially failing to state a claim the opportunity to amend or supplement the pleadings freely, so that he may state his best case.[25]  Where the plaintiff has filed only one pleading, as Wicks has here, immediate dismissal

---

[23]*Elliott,* 751 F.2d at 1473.

[24]*Id.* at 1483.

[25]*Jacquez.*

9

ordinarily is not justified.[26]  Thus, on remand, Wicks should be given an opportunity to plead his case properly before dismissal is considered.

The denial of Cook's request for a protective order preventing all discovery until consideration of the motion to dismiss is REVERSED and the request is GRANTED.  We REMAND to the district court for consideration of the motion to dismiss in a manner consistent herewith.[27]

---

[26]*Id.* at 792.

[27]Cook asks this court to hold that a motion to dismiss must be considered prior to the allowance of any discovery.  We disagree.  While we hold today that *Lion Boulos* requires a preliminary consideration of the pleadings prior to the allowance of discovery on the issue of qualified immunity, this inquiry need not result in a ruling on a motion to dismiss.  Indeed, *Lion Boulos* illustrates a situation where a plaintiff satisfies the heightened pleading but alleges facts upon which the immunity defense turns which are disputed by the defendant.  In such a situation, *Lion Boulos* held that discovery limited to the issue of the immunity defense could proceed "before ruling on a defendant's motion to dismiss...."  834 F.2d at 507.  Thus, we impose no requirement that the district court must rule on a motion to dismiss prior to the allowance of discovery in all situations.  Rather, we hold simply that if the pleadings fail to state facts sufficient to overcome the defense of qualified immunity, then limited discovery is improper and dismissal, as qualified above, is in order.