IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-20329
_____


DONNY VANDAGRIFF; ETHEL LYNN CARROLL;
VICKIE LEE MURPHY,

Plaintiffs-Appellees,

versus

EFAC INC., doing business as West End
Market Place; INVECE, INC., doing
business as West End Market Place; DALLAS
BREWERY, INC., doing business as West End
Market Place; PATRICK E. DUPREZ, doing
business as West End Market Place;
JAMES B. MCCLEAN, Agent, doing business
as West End Market Place; MAXIMUM SECURITY,
INC., JOSE FLORES; CITY OF DALLAS, TEXAS and
COUNTY OF DALLAS, TEXAS,

Defendants,

and

CHARLES W. TUTEN; KAREN M. ELLIS,

Defendants-Appellants.

_____

Appeal from the United States District Court for
the Northern District of Texas
(3:93-CV-1474-R)
_____

November 13, 1995
Before REAVLEY, SMITH and PARKER, Circuit Judges.

PER CURIAM:[*]

---

[*]Local rule 47.5 provides: "The publication of opinions that
have no precedential value and merely decide particular cases on
the basis of well-settled principles of law imposes needless

Plaintiff-appellees Donny Vandagriff, Ethel Lynn Carroll, and Vickie Lee Murphy ("Plaintiffs") filed this § 1983 action against, inter alia, the City of Dallas and two of its police officers, Charles W. Tuten and Karen Ellis. The Plaintiffs allege that while they were attending a concert in Dallas, Officers Tuten and Ellis, among others, arrested them unlawfully and with excessive force, and that their injuries resulted from a policy or custom of the City of Dallas. The officers asserted the defense of qualified immunity in their answer and their motion for summary judgment. Then, in response to the Plaintiffs' attempted discovery, the officers filed a motion to stay discovery pending a ruling on summary judgment. The Plaintiffs responded to Tuten's and Ellis' motions and filed a Rule 56(f) motion for continuance until after discovery in order to respond to the motion for summary judgment of the City of Dallas.

The district court denied the motion to stay discovery, granted the Plaintiffs' rule 56(f) motion, and ordered Tuten, Ellis, and the City of Dallas to file complete responses to the Plaintiffs' discovery requests. Tuten and Ellis now claim the district court erred in denying their motion to stay discovery before ruling on their defense of qualified immunity. We can review discovery orders that deny individuals the benefit of the qualified immunity defense. Wicks v. Mississippi State

expense on the public and burdens on the legal profession."
Pursuant to that Rule, the Court has determined that this opinion should not be published.

*Employment Servs.*, 41 F.3d 991, 994 (5th Cir. 1995).  However, we have no jurisdiction where disputed factual issues material to the defense of qualified immunity are present.  <u>Lampkin v. City of Nacogdoches</u>, 7 F.3d 430, 431 (5th Cir. 1993).  Because such material facts are in dispute in this case, we have no jurisdiction, and we therefore dismiss.

## BACKGROUND

According to the Plaintiffs' complaint and affidavits, the following events occurred at the concert.  While Plaintiff Vandagriff was watching the concert, a private security guard, Jose Flores, approached and asked Vandagriff whether he had entered the concert by crossing over a boundary rope.  Vandagriff replied he had not.  Moments later, Flores grabbed Vandagriff from behind, put him in a choke hold, dragged him toward a wall and threw him face first against it.  Officer Tuten, who had been summoned by Flores, then grabbed Vandagriff from behind and placed him in a choke hold.  Vandagriff repeatedly asked "Why are you doing this?" and pleaded with the officers "Please don't hurt my arm, it's broken," but Tuten and others continued to physically abuse him by repeatedly hitting his broken arm and slamming his head against the trunk of a car. Plaintiffs Carroll and Murphy, who had observed what had happened to Vandagriff, each attempted to inform the police that Vandagriff had done nothing wrong.  In response, Officer Ellis shoved Murphy and threw her to the ground, and another officer, at Ellis' and Tuten's request, threw Carroll against a wall and handcuffed her.

3

All three plaintiffs were placed under arrest and charged with criminal offenses. Vandagriff was placed in a cell for the remainder of the night without any clothing and received numerous humiliating remarks from various jail personnel. Carroll also alleges she was strip searched.

Tuten and Ellis tell a diametrically opposite story in their affidavits. Tuten states that Vandagriff struggled, using his cast to thrash at the officers, and that Vandagriff yelled obscenities in response to Tuten's request that he calm down. Tuten and Ellis allege that Murphy grabbed at Tuten as he handcuffed Vandagriff. Ellis claims that she pulled Murphy off of Tuten, and that Murphy fell as she struggled to free herself from Ellis's grasp. Ellis alleges that Vandagriff continued to struggle after Murphy and Carroll were placed in the squad car.

**ANALYSIS**

The initial inquiry in the examination of a defendant's claim of qualified immunity is whether the plaintiff has "alleg[ed] the violation of a clearly established Constitutional right." Siegert v. Gilley, 500 U.S. 226, 231, 111 S.Ct. 1789, 1793 (1991). Our de novo review makes clear that Plaintiffs' complaint and affidavits sufficiently allege violations of clearly established law.

In the context of unlawful arrest, the qualified immunity determination turns on whether a reasonable officer could have believed the arrest to be lawful in light of clearly established law and the information the officer possessed. Babb v. Dorman,

4

33 F.3d 472, 477 (5th Cir. 1994) (citing <u>Hunter v. Bryant</u>, 502 U.S. 224, 227, 112 S.Ct. 534, 536 (1991)). Law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to immunity. <u>Id</u>. Whether the officers' actions were objectively reasonable is a question of law. <u>Lampkin</u>, 7 F.3d at 434. We look at the facts as alleged by the Plaintiffs, but in conducting our objective analysis of the officers' actions we consider only the information available to them. <u>Id</u>. at 435.

Under such a standard it is clear that Tuten and Ellis could not reasonably have believed they had probable cause to arrest the Plaintiffs. Based solely on a request by Jose Flores, a private security guard, Tuten and other officers roughed up and then arrested the peaceful Vandagriff without determining first what Vandagriff had done. Furthermore, plaintiffs Carroll and Murphy were arrested merely for trying to inform Ellis, in a non-belligerent manner, of the mistake Tuten was making in arresting Vandagriff. No reasonable officer could believe there was probable cause to arrest any of the Plaintiffs under these circumstances.

Once a plaintiff has asserted violations of clearly established law, it is well established that parties asserting qualified immunity are not immune from all discovery, but only that which is "avoidable or overly broad." <u>Wicks</u>, 41 F.3d at 994; <u>Lion Boulos v. Wilson</u>, 834 F.2d 504, 507 (5th Cir. 1987). Discovery is neither avoidable nor overly broad if (1) the

5

immunity claim turns at least partially on a question of fact; (2) the district court is unable to rule on the immunity defense without further clarification of the facts; and (3) the discovery order is narrowly tailored to uncover only those facts needed to rule on the immunity claim.  <u>Lion Boulos</u>, 834 F.2d at 507-08.

It is clear that the appellants' immunity claims turn at least partially on questions of fact concerning the circumstances of the Plaintiffs' arrests, and that the district court was unable to rule on the immunity defense without further clarification of those facts.  The district court correctly stated this in its memorandum opinion.

We are thus left with the question whether the discovery requests which the court ordered defendants to complete were narrowly tailored to the immunity defense.  After a review of the requests it is clear they pertain to the circumstances surrounding the arrests of the Plaintiffs.

Based on the foregoing, we are without jurisdiction over the district court's interlocutory orders and therefore dismiss this appeal.

APPEAL DISMISSED.