William R. KILLEBREW, Tim Woods, Fred Parrish and James R. Vest, Plaintiffs,

v.

The CITY OF GREENWOOD, MISSISSIPPI; Harry L. Smith, Individually and in his Official Capacity as Mayor of the City of Greenwood, Mississippi; Johnny Jennings, Jo Claire Swayze, Larry Thames, Sheriel Perkins, Arance Williamson, David L. Jordan and Carl Palmer, Individually and in their Official Capacities as Members of the City Council of the City of Greenwood, Mississippi; George McCain, Individually and in his Official Capacity as Fire Chief of the City of Greenwood, Mississippi; and Civil Service Commission of the City of Greenwood, Defendants.

No. 4:95CV335–B–B.

United States District Court, N.D. Mississippi, Greenville Division.

Nov. 3, 1997.

Tom P. Calhoun, III, Dove, Chill, Calhoun & Williamson, Greenwood, MS, John L. Maxey, II, John F. Hawkins, Maxey, Wann & Begley, Jackson, MS, for Plaintiffs.

Steven J. Allen, Gary Friedman, Carole Catherine Scallan, Phelps, Dunbar, Jackson, MS, for Defendants.

## MEMORANDUM OPINION

BIGGERS, District Judge.

This cause comes before the court upon the defendants' motion to dismiss, or in the alternative, for summary judgment. Upon due consideration of the parties' memoranda and exhibits, the court is ready to rule.

## FACTS

The plaintiffs are white firefighters employed by the City of Greenwood, Mississippi. On October 23, 1995, the plaintiffs filed suit against the city and the civil service commission for reverse discrimination in the promotion of firefighters within the city's fire department. The city's hiring and promotion policy was shaped by the terms of an affirmative action plan incorporated in a consent decree entered by this court in 1978. The consent decree approved a settlement in *Johnson v. City of Greenwood,* civil action no. GC75–128–K, in which black firefighters had sued the city for racial discrimination. Since the approval of the consent decree in 1978, the number of black firefighters in the city of Greenwood has increased substantially, and a significant number of black firefighters hold positions of authority at all levels of the fire department.

Gary Friedman was hired by the city to defend the reverse discrimination action. On April 10, 1996, Friedman met with the members of the city council in a closed-door session to discuss the pending lawsuit. On April 12, 1996, the local paper published an article entitled "City Mulls Settlement of Lawsuit," which reported the details of the closed-door session two nights earlier. Included in the article were several quotes from Arance Williamson, president of the city council, which recounted in detail the advice given by Friedman to the city council.

Also on April 12, 1996, Friedman sent a letter to Williamson by facsimile, with a carbon copy to Mayor Harry Smith, which detailed the basis for the legal conclusions that he had discussed with the council members two nights earlier. The letter was labeled "Confidential Attorney–Client Communication" and warned that distribution to anyone outside of the city council could waive the attorney-client privilege. The letter further warned that if divulged to others, the letter could be used against the city and the council members in their individual capacities to establish the awareness of the matters presented therein for purposes of determining their liability for damages.

The letter of April 12, 1996, explained Friedman's view that the consent decree is no longer valid and cannot be used to support the promotion decisions within the fire department. The letter specifically explains to the city council members why Friedman believes that the consent decree will not justify the failure to promote the plaintiffs in this action.

Williamson distributed the letter to the other members of the city council. One of the members, Larry Thames, took the letter to the plaintiffs' attorney, Tom Calhoun. The plaintiffs subsequently amended their complaint on December 10, 1996, to include

the mayor, fire chief, and city council members as defendants in their individual as well as official capacities. On January 15, 1997, the individual defendants moved to dismiss on the grounds of qualified immunity. The plaintiffs filed a response on February 13, 1997, which relied heavily upon the Friedman letter to show that the individual defendants knew that they were violating the plaintiffs' constitutional rights by continuing to rely upon the 1978 consent order in formulating the fire department's promotion policy. Counsel for the defendants did not know that the letter had been given to the plaintiffs' attorneys until receiving the plaintiffs' response to the motion to dismiss. The defendants immediately moved to strike the plaintiffs' response. By order dated April 11, 1997, this court denied the defendants' motion to strike on the grounds that the defendants had waived any privilege that attached to the letter, at least insofar as the letter pertains to the qualified immunity defense.

On June 11, 1997, this court entered an order allowing the plaintiffs twenty days to amend their complaint so as to allege specific facts that would overcome the defense of qualified immunity. The plaintiffs have timely filed their second amended complaint.

## LAW

■ The defendants' motion is brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In considering a motion under Rule 12(b)(6), the district court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir.1996). Dismissal is not appropriate unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Doe v. Hillsboro Independent School District,* 81 F.3d 1395, 1401–1402 (5th Cir.1996).

■ The defendants move to dismiss the first amended complaint as untimely. The magistrate judge entered an order on December 3, 1996, giving the plaintiffs seven days in which to file an amended complaint to assert claims against the individual defendants. The defendants assert that the amended complaint was not filed until December 11, 1996, and was not served upon the defendants until several days thereafter. Thus, the defendants believe the amended complaint is untimely and should be dismissed.

The plaintiffs assert that under Rule 6(e), Fed.R.Civ.P., in computing any period of time prescribed or allowed by order of court, when the period of time prescribed is less than eleven days, intermediate Saturdays, Sundays, and legal holidays should be excluded in the computation. Thus according to the plaintiffs' computation, the amended complaint was to be filed by December 17, 1996. The court concurs with the plaintiffs' computation. The amended complaint was filed and served upon opposing counsel within the applicable time period. Personal service upon each of the named defendants was achieved as soon as reasonably possible. Furthermore, the defendants have failed to show any prejudice by any perceived untimeliness in either the filing or the service of the amended complaint. Therefore, the court finds that the plaintiffs' amended complaint should not be dismissed on the grounds of untimely filing or service.

■ The defendants further assert that the claims against the individual defendants should be dismissed on the grounds of qualified immunity. The qualified immunity determination is a two-step analysis. *Doe,* 81 F.3d at 1405–1406 (5th Cir.1996). The court must first determine whether the plaintiffs have alleged a violation of a constitutional right. *Id.* If so, the court must then decide whether the constitutional right allegedly violated was clearly established at the time of the events in question. *Id.* In considering whether the plaintiffs have alleged a violation of a constitutional right, the court must be mindful of the heightened pleading requirement that plaintiffs are required to meet in order to overcome the defense of qualified immunity. *See Schultea v. Wood,* 47 F.3d 1427 (5th Cir.1995); *Elliott v. Perez,* 751 F.2d 1472 (5th Cir.1985). To avoid dismissal, the plaintiffs must allege specific facts which, if true, would defeat the qualified immunity defense. *Wicks v. Mississippi State Employment Servs.,* 41 F.3d 991 (5th Cir.1995),

*cert. denied,* 515 U.S. 1131, 115 S.Ct. 2555, 132 L.Ed.2d 809 (1995).

Upon review of the plaintiffs' second amended complaint, the court finds that the plaintiffs have alleged sufficient facts so as to meet the heightened pleading requirement. The plaintiffs have alleged a continuing pattern of discrimination against white firefighters in the Greenwood Fire Department that began as early as 1992 (at least insofar as alleged in the complaint) and that continues to exist at the present time. The plaintiffs have cited numerous instances in which black firefighters were given promotions to the exclusion of white firefighters who were allegedly more qualified, black firefighters were given promotions to positions for which they were not qualified, and black firefighters were promoted to positions that had not been posted as open. The plaintiffs assert that the promotion policies of the Greenwood Fire Department violated the equal protection clause of the Fourteenth Amendment. There can certainly be no dispute that the right to equal protection under the Fourteenth Amendment was clearly established at the time of the events in question. Therefore, the court finds the plaintiff's have alleged a violation of a clearly established constitutional right with sufficient specificity as to meet the heightened pleading requirement.

Taking the facts alleged in the second amended complaint as true, it appears that the plaintiffs were discriminated against in their employment with the Greenwood Fire Department; however, those in charge of establishing and administering the hiring and promotion policy of the fire department state that they should be excused from any liability because they merely followed the mandates of what appeared to be a valid plan of affirmative action adopted by this court in the 1978 consent decree. The qualified immunity issue thus turns on whether the defendants' reliance upon the consent decree to support an allegedly discriminatory promotion policy was reasonable.

The consent decree adopted an affirmative action plan with the stated goal of achieving the participation of blacks at all levels throughout its workforce, until such time as the proportion of blacks was equal to their respective proportions in the city's labor force. The consent decree was to last three years, after which time the city could move to dissolve the decree. In considering whether to dissolve the decree, the court would take into account whether the city had complied with the decree and whether the basic objectives of the decree had been achieved.

The court finds as a matter of law that the individual defendants' continued reliance upon the consent decree to support the allegedly discriminatory promotion policy was reasonable, even though they were advised by counsel for the City that the consent decree was not valid. Despite Gary Friedman's opinion of the validity of the consent decree, the consent decree remains in effect to this day. In determining the appropriate course of action, an order entered by a district court judge should be more controlling than a letter written by counsel questioning the validity of the court's order. While a prudent city council would have taken further action, such as asking the court for guidance on the continuing validity of its decree, the court cannot say that a failure to take action would abrogate the defendants' right to qualified immunity. Therefore, the court finds that so long as the consent decree remains in effect, the individual defendants are entitled to qualified immunity for any claims arising out of their continued reliance upon the decree to support the hiring and promotion policies of the Greenwood Fire Department.

## CONCLUSION

For the foregoing reasons, the court finds that the individual defendants are entitled to qualified immunity and that the defendants' motion to dismiss should be granted to the extent that it seeks dismissal of the claims asserted against the individual defendants. The court further finds that the motion to dismiss should be denied in all other respects.