IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30881
Summary Calendar
_____

JOYCE MOORE, individually and
on behalf of Joshua Moore,

                                        Plaintiff-Appellee,

versus

STATE OF LOUISIANA, Etc., et al.,

                                        Defendants,

RICHARD L. STALDER, individually and in
his capacity as Secretary of the Department
of Public Safety and Corrections; BENNY
HARRIS, individually and in his capacity as
warden, Louisiana Training Institute,

                                        Defendants-Appellants.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 99-CV-1108-B
--------------------
February 25, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Richard L. Stalder and Benny Harris appeal the district

court's denial of their motion to dismiss Joyce Moore's 42 U.S.C.

§ 1983 complaint on the basis of qualified immunity.  We have

jurisdiction to review the district court's denial to the extent

it turned on matters of law, including whether any issues of

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

disputed fact are material. Colston v. Barnhart, 146 F.3d 282, 284 (5th Cir.), cert. denied, 119 S. Ct. 618 (1998). Our review is de novo. Lemoine v. New Horizons Ranch and Ctr., Inc., 174 F.3d 629, 634 (5th Cir. 1999). "To survive a motion to dismiss in cases [in which] the qualified immunity defense is raised, a plaintiff must state facts, which if proven, would defeat the defense." Babb v. Dorman, 33 F.3d 472, 475 n.5 (5th Cir. 1994).

Whether a public official is qualifiedly immune depends on two inquiries. Harris v. Victoria Indep. Sch. Dist., 168 F.3d 216, 223 (5th Cir.), cert. denied, 120 S. Ct. 533 (1999). First, a defendant is entitled to qualified immunity when a plaintiff has failed to allege the violation of a clearly established constitutional right by the defendant. Id. Second, a defense of qualified immunity will succeed if the defendant's conduct was objectively reasonable at the time in light of clearly established law. Id.

Moore's complaint alleged that her son Joshua was subjected to excessive force by an officer while Joshua was an inmate at Louisiana Training Institute (LTI). Harris was the warden at LTI when the incident occurred, and Stalder was the Secretary of Louisiana's Department of Public Safety and Corrections. However, "[o]nly the direct acts or omissions of government officials, not the acts of subordinates, will give rise to individual liability under § 1983." Alton v. Texas A&M Univ., 168 F.3d 196, 200 (5th Cir. 1999). To hold supervisory officials liable, a plaintiff must show that they "affirmatively participate[d] in acts that cause[d] constitutional deprivation"

or "implement[ed] unconstitutional policies that causally result[ed] in plaintiff's injury." Baker v. Putnal, 75 F.3d 190, 199 (5th Cir. 1996).

Moore's complaint did not sufficiently allege personal participation by either Stalder or Harris in any constitutional violation. The allegation that they may have imposed inadequate discipline on the officer after the incident is not an allegation that they participated in the constitutional violation argued in the complaint, the use of force on Joshua. Although Moore's complaint states that Stalder had a policy of inadequately training and supervising officers, there is no allegation that he had any duty or opportunity to personally supervise or direct the officer alleged to have used force on Joshua. Indeed, there is no allegation at all of *any* policy, let alone one that was constitutionally defective and "the moving force of the constitutional violation" alleged in Moore's complaint. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987). Moore's conclusional allegations of supervisory involvement in the use of excessive force on Joshua are insufficient to state any claim against Stalder and Harris under § 1983. See, e.g., Morrison v. City of Baton Rouge, 761 F.2d 242, 244 (5th Cir. 1985). Accordingly, the district court erred in declining to find the two supervisors immune.

On appeal, Moore argues that additional discovery *might* allow her to make better claims against Stalder or Harris. However, qualified immunity protects defendants from discovery unless "the plaintiff's pleadings assert facts which, if true,

would overcome the defense of qualified immunity." <u>Wicks v. Mississippi State Employment Servs.</u>, 41 F.3d 991, 994 (5th Cir. 1995). Because Moore's complaint did not contain facts that would overcome the defense of qualified immunity, exposing Stalder and Harris to the burdens of discovery would be improper. See <u>id.</u> at 994-95.

For the foregoing reasons, we REVERSE the district court's denial of qualified immunity to Stalder and Harris, and we REMAND with direction that the district court enter its order dismissing the § 1983 claims against the appellants herein.