James T. **HENRISE**, Plaintiff,

v.

John D. **HORVATH**, et al., Defendants.

No. CIV.A. 3:97–CV–2472–L.

United States District Court,
N.D. Texas,
Dallas Division.

April 21, 2000.

Douglas R. Larson, Law Office of Douglas R. Larson, Mesquite, TX, Russell Howard Daniels, Law Office of Russell H. Daniels, Dallas, TX, for plaintiff.

Joe C. Tooley, Tooley & Voss, Dallas, TX, for John D. Horvath, defendant.

Edwin A.P. Voss, Jr., Joe C. Tooley, Tooley & Voss, Dallas, TX, for Clarence V. Johns, Warren (NMN) Box, Robin Flores, City of DeSoto, TX, defendant.

## MEMORANDUM OPINION AND ORDER

LINDSAY, District Judge.

Before the court are Defendants Clarence Johns, Warren Box, and Robin Flores' Motion to Dismiss/Alternative Motion for More Definite Statement, filed January 14, 1998; Plaintiff's Response to Defendants Johns, Box, and Flores' Motion to Dismiss/Alternative Motion for More Definite Statement, filed February 6, 1998; and Defendants' Reply to Plaintiff's Response to Defendants' Motion to Dismiss/Alternative Motion for More Definite Statement, filed February 18, 1998. After careful consideration of the motion, response, reply, and applicable authority, the court grants the motion for a more definite statement and denies the motion to dismiss without prejudice to it being re-urged after Plaintiff has filed a reply or repleaded in accordance with this order.

### I. *Procedural and Factual Background*

Plaintiff James Henrise ("Plaintiff" or "Henrise") initiated this litigation against Defendants John Horvath, Clarence Johns, Warren Box, Robin Flores, and City of DeSoto on October 7, 1997, pursuant to 42 U.S.C. § 1983. Henrise filed his First Amended Complaint on October 30, 1997. Plaintiff contends that as a result of the acts and omissions of all Defendants, he has been retaliated against in violation of the First and Fourteenth Amendments to the United States Constitution. Johns, Box, and Flores ("Individual Defendants")

filed a motion to dismiss and an alternative motion for more definite statement. The Individual Defendants have asserted the defense of qualified immunity and contend that Plaintiff has not pleaded his claim with the requisite specificity to defeat their entitlement to qualified immunity. According to Defendants, Plaintiff has therefore failed to state a claim upon which relief can be granted.

Plaintiff contends that his complaint sufficiently pleads allegations that entitle him to relief and that he has thus satisfied the requirements of Fed.R.Civ.P. 7(b)(2). Alternatively, Plaintiff requests the court to allow him to file a Rule 7 reply if it determines that his Complaint is deficient with respect to the issue of qualified immunity.*

## II. Defendants' Motion to Dismiss/Alternative Motion for More Definite Statement

### A. Rule 7 Reply and Qualified Immunity

Defendants seek to dismiss Plaintiff's First Amended Complaint or alternatively seek an order from the court directing Plaintiff to file a more definite statement regarding his claims against them. The court addresses the motion for more definite statement first and treats it as a motion requesting Plaintiff to file a Rule 7 reply.

Defendants in essence seek an order requiring Plaintiff to file a reply to their assertion of qualified immunity. Given the state of Plaintiff's pleadings with respect to allegations against all Individual Defendants, the court agrees that a reply is necessary.

█ When a public official defendant in a § 1983 action has raised the defense of qualified immunity, the plaintiff must plead facts with particularity before he may subject the public official to trial. *Elliott v. Perez,* 751 F.2d 1472, 1478 (5th Cir.1985); *see also Jacquez v. Procunier,* 801 F.2d 789, 791–92 (5th Cir.1986). This specificity of facts necessary in cases when qualified immunity has been asserted is referred to as the "heightened pleading" requirement, which requires a plaintiff to plead allegations of fact which focus specifically on the conduct of the individual who caused the plaintiff's injury. *Reyes v. Sazan,* 168 F.3d 158, 161 (5th Cir.1999)(citing *Wicks v. Mississippi State Employment Servs.,* 41 F.3d 991, 995 (5th Cir.1995)). The Fifth Circuit recently addressed the heightened pleading requirement and the district court's responsibility in such instances by stating:

> First, the district court must insist that a plaintiff suing a public official under § 1983 file a short and plain statement of his complaint, a statement that rests on more than conclusions alone. Second, the court may, in its discretion, insist that a plaintiff file a reply tailored to an answer pleading the defense of qualified immunity. Vindicating the immunity doctrine will ordinarily require such a reply, and a district court's discretion not to do so is narrow indeed when greater detail might assist.

*Schultea v. Wood,* 47 F.3d 1427, 1433–34 (5th Cir.1995)(*en banc*). The task of the court is to determine whether Plaintiff's Complaint alleges with the requisite specificity the acts, conduct, or omissions by the Individual Defendants' part that would make them liable to Plaintiff.

█ The court has reviewed Plaintiff's First Amended Complaint and finds that

---

\* The court finds disturbing the following statement: "Plaintiff fully anticipated filing a Rule 7(a) reply and drafted his amended complaint accordingly, within the parameters of *Schultea.*" Plaintiff's Response at p. 5. In light of its scarce judicial resources and the backlog of cases on its docket, the court does not have the luxury to engage in legal gymnastics or legal legerdemain with Plaintiff. The court cannot fathom why one would deliberately take a "wait and see" approach that could be detrimental to his interests. Plaintiff, in essence, concedes that his Complaint is deficient with respect to the issue of qualified immunity; otherwise, there would be no need to expect to file a Rule 7 reply. This approach is really inexcusable and only serves to unnecessarily delay the resolution of key issues in the case, which in turn delays the ultimate disposition of the case.

the Complaint is lacking in specificity and particularity as to the conduct, acts, or omission of each Individual Defendant. The Complaint must allege what each Defendant did to cause Plaintiff to be deprived of a constitutionally protected right and therefore be liable to Plaintiff personally. In other words, Plaintiff must state specifically how each Defendant retaliated against him and conspired to deprive him of a constitutionally or statutorily protected right. This is really not that difficult of a task if the facts for a cause of action exist. If the facts exist, all Plaintiff has to do is allege the elements of a First Amendment retaliation claim, state facts which would establish those elements, and state the conduct of each Defendant that caused him to be subjected to unlawful retaliation. The same is true of Plaintiff's conspiracy claim. He can state or allege the elements of a conspiracy claim, state facts which establish each element, and state specifically how the conduct of each Defendant furthered or accomplished the alleged conspiracy. As stated before, the allegations in the qualified immunity context must be specific, not conclusory or vague. Plaintiff's Complaint is replete with conclusory or vague references. The court will not consume its scarce resources and identify all such examples, but the following words or phrases should serve as a beacon for Plaintiff: "good faith belief that Horvath was involved in serious misconduct which had criminal implications," "significant public corruption," "unfounded," "baseless," "no merit," "frivolous," "conspired," "intimidate," "retaliate," "punished and retaliated against public officials in violation of his liability right of freedom of association," and several other vague or conclusory statements or words. While Plaintiff has made the necessary legal conclusions and used the correct legal and technical buzzwords, his Complaint simply does not set forth the requisite specific facts to defeat Defendants' claim of qualified immunity. The court has read Plaintiff's Complaint at least five times and is not certain of the specific conduct Defendants engaged in or action Defendants

failed to take that constitutes constitutional violations. The court can guess or speculate what the factual bases are, but under existing precedent, Defendants are entitled to more than guesswork or speculation.

Since Plaintiff's Complaint is lacking in specificity, Defendants are entitled to an order requiring Plaintiff to file a reply pursuant to Rule 7, Fed.R.Civ.P., enumerating the specific conduct of each Defendant on which Plaintiff predicates his claims for which each Defendant should be held personally liable. If the required detail is not set forth in a reply, the court is to dismiss the complaint. *Reyes,* 168 F.3d at 161. Accordingly, Plaintiff is hereby ordered to file a reply pursuant to Rule 7 in accordance with the terms of this order by May 11, 2000. If Plaintiff fails to file a reply in accordance to this order by May 11, 2000, the court may dismiss this action against Defendants Johns, Box, and Flores. Defendants may re-urge their motion to dismiss based on qualified immunity, or respond as they deem appropriate, if they believe that the reply is inadequate. Whatever action Defendants elect to pursue must be done within 14 days after Plaintiff files his reply.

### B. Motion to Dismiss

In light of the court ordering Plaintiff to file a Rule 7 Reply, the court finds it unnecessary to address Defendants' Motion to Dismiss. Accordingly, it is denied as moot and may be re-urged as previously stated by the court.

### III. *Discovery*

█ Plaintiff intimates that discovery is needed in order for him to adequately plead retaliation and conspiracy. The court is not persuaded that such discovery is necessary at this juncture. A district court need not allow any discovery with respect to the defense of qualified immunity unless a plaintiff has "supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of [a] defendant's conduct at

the time of the alleged acts." *Schultea,* 47 F.3d at 1434. Since Plaintiff has not met this burden, discovery is inappropriate and will not be permitted.