IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-31235
Summary Calendar
_____


ELLIS GUILLOT,

Plaintiff-Appellee


versus


ED DAY, Warden; M R WINSTEAD, JR; LYN H PIGOTT

Defendants-Appellants

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(94-CV-1832-A)
_____
August 6, 1996
Before KING, DAVIS, and BENAVIDES, Circuit Judges.

PER CURIAM:*

Defendants Ed Day, Sgt. M.R. Winstead, Jr., and Lyn H.

Pigott appeal the district court's decision requiring them to

comply with general discovery requests in a § 1983 action filed

by Ellis Guillot.

### I.  Background

Guillot, Louisiana prisoner #87428, proceeding <u>pro se</u> and <u>in</u>

<u>forma pauperis</u>, filed this civil rights complaint under 42 U.S.C.

_____

*Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

§ 1983 against Day, warden of the Washington Correctional Institute ("WCI"), Winstead, Pigott, K. McGinnis, and Dr. Visitacion Ramirez, all WCI employees, alleging that they violated Guillot's First and Fourteenth Amendment rights. In the defendants' answer, they raised, <u>inter alia</u>, a qualified immunity defense. Following a preliminary conference, the magistrate judge appointed counsel to represent Guillot and all parties agreed to proceed before the magistrate judge under 28 U.S.C. § 636(c). Through counsel, Guillot filed an amended complaint against Richard L. Stadler, Secretary of the Louisiana Department of Public Safety and Corrections, Day, Winstead, and Pigott, alleging that they had violated his First and Fourteenth Amendment rights by denying him access to the courts and retaliating against him for filing grievances. Day, Winstead and Pigott[1] filed a motion for summary judgment which was taken under advisement. At the same time, the magistrate judge ordered the defendants to comply with the Guillot's discovery requests within two weeks. Day, Winstead, and Pigott then filed a motion to quash notice of deposition and the subpoena duces tecum and, on the same day, filed a motion for a protective order so that they would not have to comply with the discovery request until the court had ruled on their qualified immunity defense. Day,

---

[1] Service was never made on Stadler.

2

Winstead, and Pigott argued that the deposition date was beyond the cut-off dates prescribed by the court and that their defense of qualified immunity was pending. The magistrate judge denied the motion for the protective order without written reasons. Day, Winstead, and Pigott timely appealed the order of the magistrate judge verbally entered on October 25, 1995, and entered on the record on November 16, 1995, requiring defendants to comply with general discovery requests.

## II. Discussion

There are three issues that need to be resolved. The first is whether this court has jurisdiction over this appeal. The second issue is whether Guillot has met the heightened pleading requirement by pleading sufficient facts, which, if taken as true, would overcome the defense of qualified immunity. The last issue which needs to be resolved is whether the discovery order is avoidable or overly broad.

We review the district court's order for discovery for an abuse of discretion. "It is well-established that control of discovery is committed to the sound discretion of the district court and that we will reverse its discovery rulings only if they are arbitrary or clearly unreasonable." Williamson v. United States Dep't of Agric., 815 F.2d 368, 373 (5th Cir. 1987).

## 1. Appellate Jurisdiction

3

Day, Winstead, and Pigott contend that this court has jurisdiction to review the magistrate judge's discovery order because the order has effectively denied them the benefits of qualified immunity and, therefore, is an appealable interlocutory order.  Guillot contends that we are without jurisdiction to review the discovery order because the order was "specifically tailored to uncover only facts necessary to rule on the defendants' immunity claim."

"Ordinarily, an order compelling limited discovery is interlocutory and not appealable under the final judgment rule." Lion Boulos v. Wilson, 834 F.2d 504, 506 (5th Cir. 1987)(citing 28 U.S.C. § 1291).  However, in Mitchell v. Forsyth, 472 U.S. 511 (1985) the Supreme Court held that orders denying a substantial claim of qualified immunity are immediately appealable under the collateral-order doctrine.  Qualified immunity is an entitlement to immunity from suit, not a mere defense to liability.  Id. at 526.  Therefore, if a qualified immunity defense has not been ruled on and the discovery order is not limited, the defendants are effectively denied their qualified immunity defense and thus the order is immediately appealable.  Wicks v. Mississippi State Employment Servs., 41 F.3d 991, 994 (5th Cir.), cert. denied, 115 S. Ct. 2555 (1995).  "A party asserting a qualified immunity defense is not immune from all discovery, only that discovery which is avoidable or overly broad."  Id.  When the magistrate judge cannot rule on the immunity defense without first

4

clarifying the facts relating to the immunity, and when a discovery order is narrowly tailored to uncover only those facts needed to rule on the immunity claim, the order is neither avoidable or overly broad and, thus, not appealable. Id. In this case there is nothing limiting the discovery order to facts needed to rule on the qualified immunity defense; therefore, it denies Day, Winstead, and Pigott the benefits of qualified immunity. Consequently, we have jurisdiction to examine the discovery order.

## 2. The Heightened-Pleading Requirement

Before addressing the scope of the discovery order, we must first consider whether Guillot's pleadings assert facts which, if true, would overcome the defense of qualified immunity. Schultea v. Wood, 47 F.3d 1427, 1433-34 (5th Cir. 1995)(en banc); Wicks, 41 F.3d at 995. If the complaint falls short of this heightened pleading standard, the magistrate judge should rule on the pending motion before any discovery is allowed. Schultea, 47 F.3d at 1434; Wicks, 41 F.3d at 995. "The allowance of discovery without this threshold showing is immediately appealable as a denial of the true measure of protection of qualified immunity." Wicks, 41 F.3d at 995. If the complaint satisfies the heightened pleading standard, then the magistrate judge may permit limited discovery as necessary to clarify the facts upon which the immunity defense turns. Schultea, 47 F.3d at 1434; Wicks, 41

5

F.3d at 995.

Day, Winstead, and Pigott argue that Guillot has not pled sufficient facts that, if true, would overcome their claims of qualified immunity. Guillot argues that the magistrate judge's order implicitly denied Day, Winstead, and Pigott's claim of qualified immunity, that he satisfied the heightened pleading standard, and that, consequently, the case should be remanded. Alternatively, Guillot asks the court to remand the case to the magistrate judge for an explicit ruling on the defendants' claims of qualified immunity or to allow the magistrate judge to tailor the discovery order to the question of qualified immunity.

## a. Denial of access to the courts claim

In his amended complaint, Guillot alleged that he has "effectively" been denied access to the courts because Day and Pigott have prevented him from participating in the Administrative Remedy Procedure ("ARP") process and thus, prevented him from exhausting his administrative remedies. Guillot elaborated in his opposition to the summary judgment motion that Day and Pigott "obstructed" his access to the courts.

A denial-of-access claim is valid only if the litigant makes a showing that his legal position was prejudiced by the deprivation. Henthorn v. Swinson, 955 F.2d 351, 354 (5th Cir.), cert. denied, 504 U.S. 988 (1992). Guillot has not alleged specific facts showing that his legal position has been

6

prejudiced.  Absent the allegation of a violation of a constitutional right, Guillot has failed to allege a valid claim against Day and Pigott on that ground.

**b.  Retaliation Claims**

In his complaint, Guillot alleged that Winstead and Pigott retaliated against him when they filed their disciplinary reports.  To prove a retaliation claim a plaintiff must either produce direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred.  Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995), cert. denied, 116 S.Ct. 800 (1996).  An act motivated by retaliation for the exercise of a constitutionally protected right is actionable, even if the act, when taken for a different reason, might have been legitimate.  Id. at 1165.  "A prison official may not retaliate against or harass an inmate for exercising the right of access to the courts, or for complaining to a supervisor about a guard's misconduct."  Id. at 1164.  "The plaintiff must be prepared to establish that but for the retaliatory motive the complained of incident . . . would not have occurred."  Id. at 1166.  Guillot's pleadings contain specific allegations, which, if taken as true, would establish a chronology of events regarding actions taken by Winstead from which retaliation may be inferred.  Guillot did not plead specific allegations against Pigott, however, which would establish any chronology of events

7

that would suggest retaliation.  Therefore, Guillot has satisfied the heightened pleading standard as to this claim against Winstead.

### 3.  **The Discovery Order**

As to Guillot's retaliation claims, the question then becomes whether the discovery order issued prior to the court's ruling on the qualified immunity defense was avoidable or overly broad.  See, e.g., Gaines v. Davis, 928 F.2d 705, 707 (5th Cir. 1991).

Guillot's interpretation of the magistrate judge's order as "narrowly tailored" is not supported by the record.  The notice of deposition for Winstead, Pigott, and two other WCI employees did not indicate that the scope of the deposition would be limited.  The accompanying subpoena duces tecum required the parties to produce a host of items related to Guillot, related to the ARP, and the issuance of disciplinary reports.  Following an in-chambers conference, which is not included in the record, the magistrate judge ordered Day, Winstead, and Pigott to respond to Guillot's outstanding discovery request.

On its face, the discovery order appears overly broad.  We find that the district court abused its discretion by ordering discovery in this case.  Accordingly, we vacate the discovery order and remand this case to the district court for further proceedings consistent with this opinion.  On remand the

magistrate may order limited discovery for the purpose of clarifying facts concerning qualified immunity if it is deemed necessary.  <u>See</u>, <u>e.g.</u>, <u>Gaines</u>, 928 F.2d at 707.


### III.  Conclusion

For the foregoing reasons, we VACATE and REMAND.