# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 21, 2011

No. 10-60265

Lyle W. Cayce
Clerk

KAREN WINSTEAD,

Plaintiff - Appellee

v.

RANDY BOX, In his individual capacity,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:09-CV-104

Before GARWOOD, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Karen Winstead brought suit against Mississippi Highway Patrolman Randy Box under 42 U.S.C. § 1983. The district court entered an order permitting discovery into facts relevant to the officer's qualified immunity defense. Such discovery may be proven necessary, but we conclude that the district court did not make the required inquiries prior to determining whether to order such discovery. We VACATE and REMAND.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60265

Winstead claims she was wrongfully arrested and retaliated against when Officer Box arrested her for suspicion of driving under the influence. She alleges this was pretext for arresting her based upon the political campaign materials Officer Box observed in her vehicle.

Officer Box asserted in his motion for summary judgment that he was entitled to the defense of qualified immunity. The district court entered an order staying most discovery pursuant to a local court rule, which states:

> (B) Filing an immunity defense or jurisdictional defense motion stays the attorney conference and disclosure requirements and all discovery not related to the issue pending the court's ruling on the motion, including any appeal.

> (C) At the time the immunity defense or jurisdictional defense motion is filed, the moving party must submit to the magistrate judge a proposed order granting the stay but permitting discovery relevant only to the defense raised in the motion.

N.D. Miss. Local Unif. Civ. R. 16(b)(3)(B)-(C).

On February 8, 2010, the magistrate judge stayed all discovery not related to qualified immunity until such time as the district court ruled on the immunity defense.  On March 25, the district court interpreted that order as having "granted leave to engage in discovery related to the issue of immunity only."  In the same March 25 order, the court set a deadline for discovery "solely pertaining to the defenses of immunity raised in the defendant's motion for summary judgment . . . ."  On March 26, Officer Box appealed. The district court on April 29 entered a stay of discovery pending the resolution of this appeal.

We normally lack jurisdiction to consider appeals from discovery orders. *Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991, 994 (5th Cir. 1995).  An immediate appeal from qualified immunity-related discovery orders may be taken, however, on the basis that such orders "are either avoidable or overly

2

No. 10-60265

broad." *Gaines v. Davis*, 928 F.2d 705, 707 (5th Cir. 1991) (per curiam) (citing *Lion Boulos v. Wilson*, 834 F.2d 504, 507-08 (5th Cir. 1987)).

We conclude that we have jurisdiction over this qualified immunity-related discovery order because the authorized discovery may be avoidable. *Wicks*, 41 F.3d at 994.

One of the reasons for qualified immunity is to protect a defendant from the burdens of discovery when the plaintiff has not filed an adequate claim. *Id.* Therefore, we have held that discovery "must not proceed until the district court *first* finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Id.*; *see Geter v. Fortenberry*, 849 F.2d 1550, 1553-54 (5th Cir. 1988).

The district court did not make this threshold finding. Instead, after the magistrate judge stayed all discovery not related to qualified immunity, neither she nor the district judge ever evaluated whether Winstead's complaint made the necessary assertions. As held in *Wicks*, the district court must determine whether, assuming the truth of the allegations in the complaint, Winstead has demonstrated that Officer Box "violated clearly established statutory or constitutional rights." *Wicks*, 41 F.3d at 995.

Should the district court determine that Winstead's "complaint alleges facts to overcome the defense of qualified immunity," the court may then proceed "to allow the discovery necessary to clarify those facts upon which the immunity defense turns." *Id.* Should the district court instead hold that the complaint is insufficient, ordinarily the plaintiff is given an opportunity to amend or supplement her complaint, in order to state her "best case." *Id.* at 997.

VACATED AND REMANDED.