# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 18, 2014

Lyle W. Cayce
Clerk

No. 13-40762

MARY M. ZAPATA, Individually and as Administrator of the Estate of Jaime
J. Zapata; AMADOR ZAPATA, JR.; VICTOR AVILA, JR.,

Plaintiffs - Appellees

v.

KENNETH MELSON; WILLIAM D. NEWELL; HECTOR TARANGO;
DAVID VOTH; JUAN GELISTA; JERRY MILES; ANTHONY SALISBURY;
RAUL AGUILAR; LANNY BREUER; LUIS ALVAREZ,

Defendants - Appellants

Appeal from the United States District Court
for the Southern District of Texas

Before DENNIS and PRADO, Circuit Judges, and BROWN, District Judge.*

JAMES L. DENNIS, Circuit Judge:

A number of federal officers appeal a district court's order allowing discovery and deferring a ruling on the defendants' motion asserting qualified official immunity. We reverse and remand this case to the district court for that court's consideration and ruling on the motion.

---

* District Judge of the Eastern District of Louisiana, sitting by designation.

No. 13-40762

## BACKGROUND

We need not elaborate on the allegations underlying this case in detail given its posture on appeal. The plaintiffs-appellees' claims arise from the death of Immigration and Customs Enforcement (ICE) Special Agent Jaime Zapata and the serious injury to ICE Special Agent Victor Avila when the agents were ambushed and shot by drug cartel members in Mexico using weapons they allegedly obtained unlawfully in the United States.

The plaintiffs filed this civil action for damages under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1999), against ten federal officers, in their individual capacities, based on their alleged roles in contributing to the Special Agents' death and serious injury. The plaintiffs allege that Zapata's and Avila's attackers obtained some of the firearms that they used in the attack through "Operation Fast and Furious," during which FBI and ATF officers purposely allowed suspected arms smugglers to purchase and "walk" illegal firearms into Mexico in a failed attempt to track the firearms to Mexican drug-cartel leaders. The plaintiffs allege that the ATF did not conduct proper surveillance of its targets or make a meaningful attempt to track the firearms, creating a significant public-safety concern. The plaintiffs further allege that, as a result of Operation Fast and Furious, those guns, in turn, were used by cartel members in the February 15, 2011 attack on Special Agents Zapata and Avila. The defendants-appellants are two sets of individual federal officers, some of whom allegedly developed and carried out Operation Fast and Furious, and some of whom allegedly compounded the danger to Zapata and Avila by ordering them to carry out an operation in an unreasonably dangerous stretch of the Mexican highway system with insufficient protection.

The defendants-appellants moved to dismiss based on qualified immunity under Federal Rule of Civil Procedure 12(b)(6), arguing that the

plaintiffs failed to allege facts sufficient to support the inference of a constitutional violation; failed to allege facts specifically addressing how each of the individual federal officers caused a deprivation of the plaintiffs' constitutional rights; and failed to state a claim for the deprivation of their clearly established constitutional rights. The district court deferred ruling on the defendants' threshold qualified immunity defense, instead issuing an order allowing the plaintiffs limited discovery on the issue of qualified immunity after observing that whether the defendants are entitled to qualified immunity is "certainly contested." The district court did not give the parties further guidance or limitations on the scope of discovery.

The defendants-appellants timely appealed. *See* FED. R. APP. P. 4(a)(1)(B). They contend that the district court abused its discretion by failing to rule on their immunity claim before permitting discovery pertaining to qualified immunity. Additionally, they argue that the plaintiffs' constitutional claims fail as a matter of law and that the plaintiffs fail to articulate facts which plausibly overcome the defendants' qualified immunity defense. After the defendants filed their notice of appeal, the plaintiffs filed an amended complaint adding further factual and legal allegations, but they did so without the benefit of the additional discovery ordered by the district court.[1]

## DISCUSSION

This court generally lacks jurisdiction to entertain interlocutory appeals taken from district court discovery orders because such orders are nonfinal and therefore not immediately appealable. *See, e.g.*, *Mohawk Indus., Inc. v.*

---

[1] The plaintiffs suggest that this appeal is moot because they filed their amended complaint after the defendants filed their notice of appeal. We are satisfied that this appeal is not moot. The district court has not ruled on the defendants' entitlement to qualified immunity, the discovery order remains in place, and the defendants have not yet complied with that order. A live controversy therefore remains.

*Carpenter*, 558 U.S. 100, 112-13 (2009).  However, we have repeatedly held that a district court's order that declines or refuses to rule on a motion to dismiss based on a government officer's defense of qualified immunity is an immediately appealable order.  *Backe v. LeBlanc*, 691 F.3d 645 (5th Cir. 2012); *Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991 (5th Cir. 1995); *Helton v. Clements*, 787 F.2d 1016 (5th Cir. 1986).  That is because such an order is tantamount to an order denying the defendants qualified immunity, *see Backe*, 691 F.3d at 647-49—a class of order that is immediately appealable as a collateral final order, *see, e.g.*, *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *Mitchell v. Forsyth*, 472 U.S. 511, 526-27 (1985); *Backe*, 691 F.3d at 647-49.

"One of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive."  *Backe*, 691 F.3d at 648 (citing *Helton*, 787 F.2d at 1017).  *But cf. Wicks*, 41 F.3d at 994 ("[A] party asserting the defense of qualified immunity is not immune from all discovery, only that which is avoidable or overly broad." (citation and internal quotation marks omitted)).  "Consequently, this court has established a careful procedure under which a district court may defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of that defense."  *Backe*, 691 F.3d at 648.  As we explained in *Wicks*, a district court must first find "that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity."  *Wicks*, 41 F.3d at 994; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (directing that a plaintiff must "state a claim to relief that is plausible on its face"—excluding statements that are "no more than conclusions" which are "not entitled to the assumption of truth") (internal quotation marks omitted).  "Thus, a plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal

specificity." *Backe*, 691 F.3d at 648. "After the district court finds a plaintiff has so pleaded, if the court remains 'unable to rule on the immunity defense without further clarification of the facts,' it may issue a discovery order 'narrowly tailored to uncover only those facts needed to rule on the immunity claim.'" *Id.* (quoting *Lion Boulos v. Wilson*, 834 F.2d 504, 507-08 (5th Cir. 1987)).

"This court lacks jurisdiction to review interlocutory orders in qualified immunity cases complying with these requirements." *Id.* (citing *Edwards v. Cass Cnty., Tex.*, 919 F.2d 273, 275-76 (5th Cir. 1990)). "But we may review the order under the collateral order doctrine when a district court fails to find first that the plaintiff's complaint overcomes a defendant's qualified immunity defense, *Wicks*, 41 F.3d at 994-95; when the court refuses to rule on a qualified immunity defense, *Helton*, 787 F.2d at 1017; or when the court's discovery order exceeds the requisite 'narrowly tailored' scope, *Lion Boulos*, 834 F.2d at 507-08." *Backe*, 691 F.3d at 648.

The defendants argue that we have jurisdiction and that the district court's order should be vacated because the district court did not follow the careful procedure set forth in *Backe*, *Wicks*, *Helton*, and *Lion Boulos*. We agree. The district court did not explicitly rule on the defendants' qualified-immunity defense other than to note that the plaintiffs "set out the reasons [they] felt that qualified immunity did not apply," that the defendants "have not contradicted those allegations," and that accordingly, whether the defendants are entitled to qualified immunity "is certainly contested." The district court failed to make an initial determination that the plaintiffs' allegations, if true, would defeat qualified immunity, falling short of the finding required by *Backe* and *Wicks*; and unlike the court in *Lion Boulos*, the district court did not identify any questions of fact it needed to resolve before it would be able to determine whether the defendants were entitled to qualified immunity. *Cf.,*

No. 13-40762

*e.g.*, *Backe*, 691 F.3d at 647-49; *Wicks*, 41 F.3d at 994; *Lion Boulos*, 834 F.2d at 506-08.[2]  Because we conclude that the district court did not fulfill its duty under either step of the framework just described, "for materially the same reasons," we both have jurisdiction to review the district court's discovery order and we must vacate it.  *Backe*, 691 F.3d at 648.[3]

Accordingly, we VACATE the district court's order and REMAND the case to the district court with instructions to follow the procedures outlined in *Backe*, *Wicks*, *Helton*, and *Lion Boulos*.

VACATED and REMANDED with INSTRUCTIONS.

---

[2] The plaintiffs argue that the district court implicitly found that they had pleaded facts sufficient to overcome the defendants' immunity defense, citing the implied-findings doctrine.  This argument is without merit.  The implied-findings doctrine permits us to affirm a district court's implied *findings of fact* if they are supported by the evidence.  *See Century Marine Inc. v. United States*, 153 F.3d 225, 230-31 (5th Cir. 1998); *see Levy Gardens Partners 2007, L.P. v. Commonwealth Land Title Ins. Co.*, 706 F.3d 622, 631 (5th Cir. 2013); *Consedine v. Pers. Mgmt., Inc.*, 539 F. App'x 565, 575 & n.10 (5th Cir. 2013) (per curiam) (unpublished).  By contrast, a defendant's entitlement to qualified immunity generally will not entail findings of fact, *see, e.g.*, *Cantrell v. City of Murphy*, 666 F.3d 911, 918 (5th Cir. 2012), and extending the implied-findings doctrine to this context would render the "careful procedure" set forth in *Backe*, *Wicks*, and *Lion Boulos* virtually meaningless, *see, e.g.*, *Backe*, 691 F.3d at 648; *Wicks*, 41 F.3d at 994-95; *Lion Boulos*, 834 F.2d at 507.

[3] We decline the defendants' invitation to rule on their entitlement to qualified immunity for the first time on appeal.  Among other considerations, we note that after the defendants filed their notice of appeal, the plaintiffs filed an amended complaint elaborating on their claims, which weighs in favor of allowing the district court to resolve this question in the first instance.  *See, e.g.*, *Backe*, 691 F.3d at 649 (reversing and remanding to the district court with instructions to follow the procedure set forth in *Wicks*, *Lion Boulos*, and others).  *See generally Singleton v. Wulff*, 428 U.S. 106, 120-21 (1976) (explaining that as a rule, federal appellate courts do not resolve questions not passed on by the district court).