# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50393
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 10, 2016

Lyle W. Cayce
Clerk

SAMUEL RANDLE,

Plaintiff - Appellee

v.

THOMAS LOCKWOOD; LIEUTENANT GENE RHODES; TERRANCE GUDE; TIM WINN; OFFICER  FNU ALLEN; SERGEANT VIRGINIA JEFFERSON; SERGEANT WAYLAND EDWARDS; OFFICER  FNU LE; OFFICER  FNU VIAL; OFFICER  FNU COTTON; OFFICER  FNU BURLESON; SERGEANT  FNU GRAVES; OFFICER  FNU WILLETT; OFFICER E. NEHRING; OFFICER  FNU WILEY; OFFICER  FNU LABELLA; NURSE  FNU NICKI,

Defendants - Appellants

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:15-CV-84

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50393

Plaintiff–Appellee Samuel Randle, a former county jail detainee, filed suit under 42 U.S.C. § 1983 alleging constitutional violations stemming from a medical condition he suffered while detained. Defendants–Appellants, a group of jailers, moved to dismiss on the basis of qualified immunity and the district court denied their motions. Because the district court failed to address the jailers' qualified immunity defense in its denial, we REVERSE the district court's order to the extent it failed to address this defense and REMAND for reconsideration of whether each defendant is entitled to qualified immunity.

## I. FACTS AND PROCEEDINGS

On March 13, 2015, Plaintiff–Appellee Samuel Randle filed the instant action under 42 U.S.C. § 1983 against Defendants–Appellants, 17 individual members of the Limestone County Jail staff (the jailers), alleging that while he was detained at the jail, the jailers were deliberately indifferent to his serious medical needs, in violation of the Fourteenth Amendment.[1] Randle alleged that, as a side effect of medication prescribed to him at the jail, he suffered from priapism[2] while detained, which ultimately rendered him permanently impotent.[3]

---

[1] In addition to his claim against the jailers, Randle also brought claims against Limestone County, the jail physician who treated him, the physician's medical practice group, and a nurse employed by the Limestone County Jail. However, none of those defendants is a party to this appeal.

[2] Priapism is a "[p]ersistent erection of the penis, accompanied by pain and tenderness, resulting from a pathologic condition rather than sexual desire." *Priapism*, STEDMAN'S MEDICAL DICTIONARY 720430, Westlaw (database updated Nov. 2014). Priapism is a known side effect of trazodone.

[3] The original complaint referred to several of the jailers as "John Doe" because Randle did not know their names at the time of filing. After referral from the district court, a magistrate judge granted Randle expedited discovery of all jail records related to his detention in order to identify the true names of these defendants, and Randle subsequently amended his complaint to include these names. The records also revealed that the jail had an additional nurse on staff during Randle's detention, and Randle's amended complaint

No. 16-50393

On May 8, 2015, in two separate motions,[4] the jailers moved to dismiss for failure to state a claim upon which relief could be granted. *See* Fed. R. Civ. P. 12(b)(6). Both motions argued that the jailers were "entitled to qualified immunity." They also claimed that a "[h]eightened pleading" standard applies to a plaintiff's complaint when defendants raise qualified immunity and that, under this standard, Randle failed to state a claim for deliberate indifference to a serious medical need. On January 28, 2016, the magistrate judge recommended denying both motions to dismiss. After recognizing that the jailers raised a qualified immunity defense, the magistrate judge's report asserted that "there is no plausible basis for [the jailers'] continued insistence on requiring heightened pleading in the qualified immunity context." The report then cursorily concluded that Randle had sufficiently pleaded a § 1983 claim and stated that "[Federal] Rule [of Civil Procedure] 8(a)(2) does not contemplate a court's passing on the merits of a litigant's claim at the pleading stage," quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 585 (2007). Without further explanation, the report recommended the motions to dismiss be denied.

The jailers objected to the magistrate judge's report and argued, among other things, that the magistrate judge had applied the wrong pleading standard to Randle's claim. They asserted that by virtue of their qualified immunity defense, Randle faced a "[h]eightened pleading" standard. They urged that "applying the correct standard shows that the [jailers] [we]re entitled to dismissal on qualified immunity grounds." The jailers also argued

---

added this nurse as a defendant. Other than this limited discovery, no discovery has taken place in this case.

[4] One defendant filed her motion to dismiss separately from the other jailers. The magistrate judge, and later the district court, considered the two motions together because of the similarity of Randle's allegations with respect to the single defendant and the rest of the jailers and the fact that the two motions to dismiss were nearly identical.

that each jailer's entitlement to qualified immunity must be considered on an individual basis rather than collectively.  On March 31, 2016, the district court issued an order rejecting all of the jailers' objections.  The district court first concluded that a heightened pleading standard did not apply to Randle's claims.  The district court next overruled the jailers' objection that they were entitled to qualified immunity because this objection "hinge[d] on the assumption that the Magistrate Judge applied the wrong pleading standard, which he did not."  The district court stated it was overruling the jailers' qualified immunity objection "because Randle pled factual allegations that raise a right to relief above the speculative level."  The district court accordingly accepted the magistrate judge's report and recommendation in full and ordered that the jailers' motions to dismiss be denied.  The jailers timely appealed, arguing that they are entitled to qualified immunity.

## II. QUALIFIED IMMUNITY MUST BE DECIDED AS EARLY AS POSSIBLE

As an initial matter, we establish our jurisdiction over this appeal.  The action before us is an interlocutory appeal from the district court's denial of two motions to dismiss on qualified immunity grounds.  A denial of qualified immunity, as well as a failure to address the issue of qualified immunity, is immediately appealable "[b]ecause immunity is 'effectively lost if a case is erroneously permitted to go to trial.'"  *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526–27 (1985)).  But our jurisdiction of this appeal is limited to *de novo* review of the "purely legal question of whether 'the district court erred in concluding as a matter of law that [the jailers] are not entitled to qualified immunity on a given set of facts.'"  *Gobert v. Caldwell*, 463 F.3d 339, 345 (5th Cir. 2006) (alteration omitted) (quoting *Kinney v. Weaver*, 367 F.3d 337, 347–48 (5th Cir. 2004) (en banc)).

4

Our jurisdiction does not extend to factual disputes and we must accept all of Randle's well-pleaded factual allegations as true and draw all reasonable inferences in his favor. *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011) (en banc). Neither party disputes the scope of our jurisdiction over this interlocutory appeal. With these limits in mind we turn to the merits.

Qualified immunity shields "government officials performing discretionary functions" from civil liability for claims under federal law "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Kinney*, 367 F.3d at 349 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "[Q]ualified immunity constitutes an '*immunity from suit* rather than a mere defense to liability.'" *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) (per curiam) (quoting *Mitchell*, 472 U.S. at 526). Accordingly, "[q]ualified immunity questions should be resolved 'at the earliest possible stage in litigation," usually before discovery. *Porter v. Epps*, 659 F.3d 440, 445 (5th Cir. 2011) (quoting *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)); *see also Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (citing cases in which this instruction has been given). Resolving the applicability of qualified immunity as early as possible serves to protect officials not only from unwarranted liability but also from "costly, time-consuming, and intrusive" pre-trial discovery. *Backe*, 691 F.3d at 648.

But here, when the district court denied the jailers' motions to dismiss, it did not determine the applicability of the jailers' asserted qualified immunity defense. Rather the district court focused on the jailers' argument that a heightened pleading standard applied to Randle's claims, and, after explaining that such a standard didn't apply, concluded that Randle sufficiently pleaded his claims and thus the motions to dismiss should be denied. The district

court's sole mention of the issue of qualified immunity was to say that the jailers' argument on this point was rendered moot because no heightened pleading standard applied to Randle's claims. Likewise, the magistrate judge's report—adopted in full by the district court—also perfunctorily dismissed the jailers' asserted qualified immunity defense after concluding that Randle had satisfied his pleading burden.

The district court's failure to address the question of qualified immunity violated the tenet that "[q]ualified immunity questions should be resolved 'at the earliest possible stage in the litigation.'" *Porter*, 659 F.3d at 445 (quoting *Pearson*, 555 U.S. at 232). Regardless of the pleading standard applicable to Randle's claims, the district court was required to address whether the jailers were entitled to qualified immunity because the jailers asserted this defense in both their motions to dismiss and their objections to the magistrate judge's report and recommendation. By failing to address qualified immunity, the district court's order undercuts the doctrine of qualified immunity's goal of shielding public officials from "unwarranted demands customarily imposed upon those defending a long drawn out lawsuit." *Hare v. City of Corinth*, 135 F.3d 320, 325 (5th Cir. 1998) (quoting *Siegert v. Gilley*, 500 U.S. 226, 232 (1991)). As a result, the jailers will likely be exposed to "costly, time-consuming, and intrusive" pre-trial discovery before Randle is required to demonstrate that his allegations defeat the jailers' qualified immunity defense.[5] *Backe*, 691 F.3d at 648. For these reasons, we conclude that the

---

[5] While the district court's order did not explicitly allow any discovery, discovery is the next logical step in the litigation process following the denial of a motion to dismiss. And the magistrate judge's report explicitly references the need for discovery before "passing on the merits" of Randle's claim. Therefore the district court's denial of the motions to dismiss, if left undisturbed, is likely to lead to discovery.

No. 16-50393

district court erred by failing to address the jailers' qualified immunity defense when denying their motions to dismiss.[6]

Having concluded that the district court erred by denying the jailers' motions to dismiss without addressing their defense of qualified immunity, we now decline to decide the applicability of qualified immunity in the first instance on appeal. "It is the general rule . . . that a federal appellate court does not consider an issue not passed upon below." *Humphries v. Elliot Co.*, 760 F.3d 414, 418 (5th Cir. 2014) (quoting *Singleton v. Wulff*, 428 U.S. 106, 120 (1976)). The district court is best equipped to assess in the first instance whether the jailers are entitled to qualified immunity, as well as the corollary question of whether limited discovery is necessary to determine whether any or all of the jailers are entitled to qualified immunity. We leave it to the district court to consider in the first instance whether each jailer is entitled to qualified immunity.[7] *See Zapata v. Melson*, 750 F.3d 481, 486 n.3 (5th Cir. 2014) (declining to rule on whether defendants were entitled to qualified immunity

---

[6] Nor does the district court's order satisfy the narrow exception to the general rule that qualified immunity should be decided as early in the litigation as possible. Under this exception, "a district court may defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of [the qualified immunity] defense." *Hinojosa v. Livingston*, 807 F.3d 657, 664 (5th Cir. 2015) (quoting *Backe*, 691 F.3d at 648). But in order to properly defer the decision on qualified immunity, the district court must follow the "careful" two-step procedure that we have established. *Id.* (quoting *Backe*, 691 F.3d at 648). First, it must "determine 'that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Id.* (quoting *Backe*, 691 F.3d at 648). Second, if the district court finds a plaintiff has so pleaded, it can then "defer its qualified immunity ruling and order limited discovery if 'the court remains unable to rule on the immunity defense without further clarification of the facts.'" *Id.* (quoting *Backe*, 691 F.3d at 648). Here, the district court did not complete either step of this procedure.

[7] We note that on remand, each defendant's entitlement to qualified immunity must be considered on an *individual* basis. *See Meadours v. Ermel*, 483 F.3d 417, 421–22 (5th Cir. 2007).

No. 16-50393

when the district court had failed to do so); *Helton v. Clements*, 787 F.2d 1016, 1017 (5th Cir. 1986) (per curiam) (same).

## III. CONCLUSION

For the foregoing reasons, we REVERSE the district court's order to the extent it failed to address qualified immunity and REMAND to the district court for reconsideration of whether each defendant is entitled to qualified immunity