# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 4, 2021

Lyle W. Cayce
Clerk

No. 21-20534

Preble-Rish Haiti, S.A.,

*Plaintiff—Appellant/Cross-Appellee*,

*versus*

BB Energy USA, LLC,

*Garnishee—Appellee/Cross-Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-cv-01953

Before Elrod, Oldham,[*] and Wilson, *Circuit Judges*.

Per Curiam:[**]

This dispute arises out of a garnishment action. The district court allowed discovery to proceed against the garnishee, BB Energy, without ruling on BB Energy's motion to dismiss, which argued that the garnishment

---

[*] Judge Oldham would grant the motion to stay.

[**] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

action is barred by sovereign immunity.  BB Energy has moved to stay discovery.  Because the district court may permit limited discovery to determine its jurisdiction (i.e., whether the action is barred by sovereign immunity), we deny the stay and instruct the district court to limit discovery to only the sovereign immunity issue.

I.

Preble-Rish Haiti, S.A. ("PRH") entered into three contracts with Haiti's Bureau de Monétisation de Programmes d'Aide au Développement ("BMPAD") to transport and deliver fuel to Haiti.  The contracts provided that any disputes under the contracts would be submitted to binding arbitration in New York.  A dispute arose after BMPAD allegedly seized a PRH vessel and forcibly offloaded its fuel without paying for it.  PRH initiated arbitration in New York, which BMPAD opposed.  A New York state court issued an order compelling arbitration, and the arbitration panel issued a Partial Final Award to PRH awarding roughly $23 million.  BMPAD refused to post security and indicated that it would not honor the arbitration award.

PRH filed this garnishment action in the U.S. District Court for the Southern District of Texas, seeking to use the maritime Rule B attachment process to garnish funds owned by BMPAD in the possession of BB Energy.  BB Energy is also in the business of supplying fuel to Haiti.  PRH alleged that BB Energy regularly receives prepayments from BMPAD for fuel, and PRH sought to attach BMPAD funds which had been prepaid to BB Energy.  BB Energy has vigorously opposed such attachment in proceedings before the district court.

The district court granted a writ of maritime attachment, which PRH served on BB Energy on July 1, 2021.  BB Energy moved to dismiss the action and vacate the attachment, arguing, *inter alia*, that maritime Rule B attachment was improper because the contracts between PRH and BMPAD

were not maritime contracts.  The district court granted the motion to vacate the attachment in part, accepting BB Energy's argument that the breach of contract claim did not provide a basis for maritime jurisdiction.  But the district court also deferred the motion to vacate in part, finding that attachment might be proper on other grounds—namely, to enforce the arbitral award after it was finalized by New York courts.

PRH then amended its complaint to invoke admiralty jurisdiction by alleging maritime torts in addition to breach of contract.  BB Energy moved to dismiss PRH's amended complaint, arguing, as relevant here, that the Foreign Sovereign Immunities Act ("FSIA") barred PRH from asserting its maritime tort claims against BMPAD.  After a hearing on October 25, 2021, the district court deferred ruling on BB Energy's motion to dismiss and ordered BB Energy to submit to written discovery and a corporate representative deposition.  BB Energy immediately appealed to us and moved for a stay of discovery.  PRH filed a cross-motion to dismiss the appeal for lack of jurisdiction.

## II.

BB Energy argues that the district court erred by permitting broad discovery without first determining whether sovereign immunity bars this garnishment action.  As we have noted, "FSIA immunity is immunity not only from liability, but also from the costs, in time and expense, and other disruptions attendant to litigation." *Kelly v. Syria Shell Petrol. Dev. B.V.*, 213 F.3d 841, 849 (5th Cir. 2000).  "Accordingly, when FSIA immunity has been claimed, unlimited jurisdictional discovery is not permitted as a matter of course.  Instead, it should be ordered circumspectly and only to verify allegations of specific facts crucial to an immunity determination."  *Id.* (citation and internal quotation marks omitted).  BB Energy claims the

district court violated that rule here by deferring its ruling on the sovereign immunity defense and ordering broad discovery in the interim.

PRH's primary response is to argue that we lack jurisdiction over this appeal.  According to PRH, we lack jurisdiction because BB Energy appealed from a discovery order.  And "[a]s a general matter, discovery orders do not constitute final decisions under [28 U.S.C.] § 1291, and therefore, are not immediately appealable." *Piratello v. Philips Elecs. N. Am. Corp.*, 360 F.3d 506, 508 (5th Cir. 2004).

But some discovery orders are immediately appealable.  In particular, when a defendant asserts an immunity defense, we have held that a district court's order that declines or refuses to rule on a motion to dismiss based on the immunity defense is an immediately appealable order. *Zapata v. Melson*, 750 F.3d 481, 484 (5th Cir. 2014).  This is because such an order is tantamount to denying the immunity defense, part of the purpose of which is to protect the defendant from the burden of litigation itself—including discovery. *Id.*  And we have held that a sovereign immunity claim may be raised by a garnishee holding a foreign sovereign's property in addition to the foreign sovereign itself. *FG Hemisphere Assocs., LLC v. République du Congo*, 455 F.3d 575, 584 (5th Cir. 2006).

Here, BB Energy raised BMPAD's sovereign immunity as a defense in its motion to dismiss.  The district court permitted discovery, but it is unclear whether this was to aid its ruling on the motion to dismiss or whether the district court was proceeding to discovery without resolving BB Energy's sovereign immunity defense.  To the extent the latter was the case, this was error: A district court must rule on an immunity defense properly raised in a motion to dismiss before allowing any discovery that is not "ordered circumspectly and only to verify allegations of specific facts crucial to an

immunity determination." *Kelly*, 213 F.3d at 849.[***] That being said, the district court could have just as well been exercising its discretion in ordering limited discovery to resolve whether BB Energy was, in fact, shielded by BMPAD's sovereign immunity. Because this would have been permissible, we presume that was the case. Thus, we deny BB Energy's stay motion, and we trust that the district court will allow limited discovery only as to evidence that will elucidate whether BB Energy is entitled to dismissal on sovereign immunity grounds.

\*    \*    \*

BB Energy's motion to stay discovery is DENIED. The district court is instructed, consistent with our precedent, to limit discovery "only to verify allegations of specific facts crucial to an immunity determination." *Kelly*, 213 F.3d at 849. PRH's motion to dismiss this appeal for lack of jurisdiction is DENIED.

---

[***] PRH contends that broader discovery is necessary to determine whether the district court has personal jurisdiction over BB Energy, and district courts confronted with multiple jurisdictional issues have discretion as to which challenge to resolve first. PRH's authority for this proposition is *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999), where the Supreme Court held that there is no general "unyielding jurisdictional hierarchy" as between personal jurisdiction and subject-matter jurisdiction determinations. *Id.* at 578. But *Ruhrgas* did not involve an immunity defense, and as already noted, immunity defenses uniquely require prioritization because they protect defendants from the burdens of litigation, including discovery. *See Kelly*, 213 F.3d at 849. PRH cites no authority supporting its position that a district court may forbear to rule on an immunity defense while allowing broad discovery on a separate jurisdictional issue.