# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 5, 2024

Lyle W. Cayce
Clerk

———————

No. 23-30694

———————

Malikah Asante-Chioke, *individually, and on behalf of* her father, Jabari Asante-Chioke,

*Plaintiff—Appellee,*

*versus*

Nicholas Dowdle, *in his individual capacity*; Lamar A. Davis, *Colonel, in his individual capacity*,

*Defendants—Appellants.*

———————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:22-CV-4587

———————————————————

Before King, Ho, and Engelhardt, *Circuit Judges*.

Kurt D. Engelhardt, *Circuit Judge*:

Defendants-Appellants Nicholas Dowdle and Colonel Lamar Davis, an officer for the Louisiana State Police and the superintendent of the Louisiana State Police, respectively, seek review of a district court order denying their request that discovery should be limited to issues of qualified immunity in anticipation of a ruling on qualified immunity at the summary judgment stage. Defendants asserted qualified immunity in a motion to dismiss in response to Plaintiff-Appellee's section 1983 claims, and the district court

denied the motion based on the well-pled complaint. The district court also denied Defendants' request for limited discovery, and after the instant appeal was filed, stayed discovery only as to claims against Dowdle and issues regarding his qualified immunity on appeal. For the following reasons, we VACATE the district court's order and REMAND.

## I.

This appeal arises from the death of Jabari Asante-Chioke wherein police officers shot and killed Asante-Chioke after a report that he was visibly distressed, on foot at the intersection of Airline Drive and North Causeway Boulevard in Jefferson Parish, Louisiana, and carrying what was later identified as a gun and knife. The amended complaint alleges that the officers, including Dowdle, attempted to apprehend Asante-Chioke but subsequently shot and killed him when he allegedly raised his gun in the direction of one of the officers. An autopsy revealed thirty-six rounds were fired by the officers. Twenty-four of those rounds hit Asante-Chioke—six gunshot wounds on his right and left arms, eight gunshot wounds on his right and left legs, and ten gunshot wounds on his torso.

Plaintiff-Appellee is Asante-Chioke's daughter. She brought a lawsuit against the police officers at the scene—two Louisiana State Police officers, including Dowdle, and two East Jefferson Levee District Police officers—as well as Col. Davis, in his individual capacity, related to the supervision and training of Dowdle, and other state defendants, under 42 U.S.C. §§ 1983 and 1988, and asserted various state law claims. Plaintiff alleges in her amended complaint claims of unlawful seizure and excessive force against the defendant officers when they continued firing their weapons even after her father was incapacitated, motionless on the ground. She claims that video footage captured the event.

Officer Dowdle and Col. Davis moved to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim. In the alternative, the Defendants moved the district court for discovery limited to whether qualified immunity applies in order to reassert qualified immunity in a summary judgment motion.

On August 31, 2023, the district court issued its order denying Defendants' motion to dismiss. Regarding Col. Davis's Rule 12(b)(6) claim, the district court held that Plaintiff pled sufficient facts with respect to her state law negligent supervision and training claim against Col. Davis. The district court dismissed a subset of Plaintiff's vicarious liability claims alleged against Col. Davis, leaving only state law claims. The district court also denied Dowdle's assertion of qualified immunity at the pleading stage. Dowdle claims that Plaintiff did not specify how many shots he fired after it was clear that Asante-Chioke no longer posed a threat, and that the allegations did not show a clear violation. The district court disagreed, noting a lack of "authority requiring an accounting of each officer's shots on a motion to dismiss." The district court determined that the allegations, taken as true, were enough to state a valid claim and overcome the defense of qualified immunity. The district court stated:

> [T]he Amended Complaint alleged that four officers, including Dowdle, fired 36 shots at Mr. Asante-Chioke, and the officers fired the majority of those shots after Mr. Asante-Chioke dropped his gun, fell to the ground, and was incapacitated . . . . Accepting all the well-pled facts in the Amended Complaint as true, these facts raise a reasonable expectation that discovery will reveal evidence that Dowdle fired shots after Mr. Asante-Chioke no longer posed a threat.

The district court also denied Dowdle's request to limit discovery. Citing *Zapata v. Melson*, 750 F.3d 481, 485 (5th Cir. 2014), the district court stated

that, although it could "issue a discovery order 'narrowly tailored to uncover only those facts needed to rule on the immunity claim,'" such an order was "not necessary" here.

On September 29, 2023, Defendants filed the instant appeal only as to the denial of limited discovery. Previously, on September 14, Plaintiff issued discovery requests to all defendants, and Defendants moved to stay discovery. The district court granted in part Defendants' motion, staying discovery only as to claims against Dowdle and issues regarding his qualified immunity defense on appeal.

## II.

The parties disagree as a threshold matter about jurisdiction. Under 28 U.S.C. § 1291, the court has jurisdiction to review "final decisions" of the district courts. *Backe v. LeBlanc*, 691 F.3d 645, 647 (5th Cir. 2012). Generally, these types of decisions "do[] not include discovery orders." *Id.* at 647–48 (citing *Lion Boulos v. Wilson*, 834 F.2d 504, 506 (5th Cir. 1987)). "However, the Supreme Court has interpreted § 1291 to include a grant of authority to review a 'small class' of collateral orders traditionally considered non-final." *Hinojosa v. Livingston*, 807 F.3d 657, 663 (5th Cir. 2015) (quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949)). Such orders include orders denying qualified immunity. *Carswell v. Camp*, 54 F.4th 307, 310 (5th Cir. 2022) (citing *Backe*, 691 F.3d at 647–49) ("[W]e have jurisdiction to review orders denying qualified immunity."). This is because qualified immunity is more than a "mere defense to liability." *Carswell*, 54 F.3d at 310 (quoting *Pearson v. Callahan*, 555 U.S. 223, 237 (2009)). "It's also an immunity from suit. And one of the most important benefits of the qualified immunity defense is protection from pretrial discovery, which is costly, time-consuming, and intrusive." *Carswell*, 54 F.3d at 310 (citation and internal quotation marks omitted); *see also Helton v. Clements*, 787 F.2d 1016, 1017 (5th Cir.

1986) (per curiam) (a "refusal to rule on a claim of immunity" deprives a defendant of his "entitlement under immunity doctrine to be free from suit and the burden of avoidable pretrial matters"). Another immediately appealable order is an order "declin[ing] or refus[ing] to rule on a motion to dismiss based on a government officer's defense of qualified immunity." *Zapata*, 750 F.3d at 484. These orders are "tantamount" to orders denying qualified immunity, and courts have jurisdiction to consider appeals of such orders "because a defendant's entitlement to qualified immunity must be determined 'at the earliest possible stage of the litigation.'" *Carswell*, 54 F.4th at 310 (citing *Zapata*, 750 F.3d at 484; and then quoting *Ramirez v. Guadarrama*, 3 F.4th 129, 133 (5th Cir. 2021) (per curiam)).

The district court here cited *Zapata* in support of denying Defendants' limited discovery request. This court has jurisdiction to review discovery orders under the collateral order doctrine that do not follow *Zapata*'s "careful procedure." *Zapata*, 750 F.3d at 485 (citation omitted).

In *Zapata*, the district court deferred ruling on the defendants' threshold qualified immunity defense raised in their motion to dismiss, instead issuing an order allowing the plaintiffs pre-dismissal limited discovery on the issue of qualified immunity. *Id.* at 484. The defendants appealed, contending that the district court failed "to rule on their immunity claim before permitting discovery pertaining to qualified immunity." *Id.* This court recognized the "careful procedure" under which a district court may defer its qualified immunity ruling if further factual development is necessary to ascertain that defense: *first*, the district court must "find 'that the plaintiffs [sic] pleadings assert facts which, if true, would overcome the defense of qualified immunity.'" *Id.* (quoting *Wicks v. Miss. State Emp. Servs.*, 41 F.3d 991, 994 (5th Cir. 1995)). "Thus, a plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified

immunity defense with equal specificity." *Zapata*, 750 F.3d at 485 (quoting *Backe*, 691 F.3d at 648). And *second*, "[a]fter the district court finds a plaintiff has so pleaded, if the court remains unable to rule on the immunity defense without further clarification of the facts, it may issue a discovery order narrowly tailored to uncover only those facts needed to rule on the immunity claim." *Zapata*, 750 F.3d at 485 (quoting *Backe*, 691 F.3d at 648; and then quoting *Lion Boulos*, 834 F.2d at 507–08). The *Zapata* court held it had jurisdiction to review the district court's order and vacated it because the district court did not follow the procedure set forth above. *Zapata*, 750 F.3d at 485.

*Zapata* and *Backe* apply the "careful procedure" to cases prior to a ruling on a motion to dismiss. In both cases the district courts *refused* to rule or *deferred* ruling on the defense of qualified immunity at the motion to dismiss stage. *Zapata*, 750 F.3d at 484 ("The district court deferred ruling on the defendants' threshold qualified immunity defense, instead issuing an order allowing the plaintiffs limited discovery on the issue of qualified immunity."); *Backe*, 691 F.3d at 648 ("The district court refused to rule on Appellants' threshold qualified immunity defense . . . [and] denied Appellants' motion to dismiss pending general discovery."). And in *Hutcheson v. Dallas County*, this court applied the "careful procedure" to the plaintiffs' motion for limited discovery, wherein plaintiffs sought to contradict the defendants' defense of qualified immunity in a motion that was converted by the district court from a motion to dismiss to summary judgment. 994 F.3d 477, 479–81 (5th Cir. 2021). In ruling on summary judgment, the district court had the benefit of relying on video evidence showing that there was no dispute of material fact as to whether the defendant officers used unreasonable force. *Id.* at 480–81. The plaintiffs reasoned that they needed limited discovery to rebut defendants' defense of qualified immunity because of uncertainty surrounding the decedent's death due to the lack of sound in the video. *Id.* at 481. This court held that, for purposes of qualified immunity, further discovery was not

necessary because "plaintiffs faltered at the first step of our two-step procedure." *Id.* (citing *Backe*, 691 F.3d at 648).

Most recently, *Carswell* clarified the use of this "careful procedure." In *Carswell*, the plaintiff sought to depose defendants who had asserted qualified immunity in their motion to dismiss by relying on the district court's scheduling order that allowed limited discovery "if the plaintiff believes discovery is necessary to resolve" the qualified immunity defense. 54 F.4th at 310. The court held that the scheduling order was an abuse of discretion because it allowed discovery against defendants while deferring resolution of their qualified immunity defense. *Id.* at 311. The court explained that "[t]he Supreme Court has now made clear that a plaintiff asserting constitutional claims against an officer claiming [qualified immunity] must survive the motion to dismiss without *any* discovery." *Id.* (emphasis in original). The court emphasized that a defendant's entitlement to immunity "should be determined at the earliest possible stage of the litigation—full stop." *Id.* at 312 (citation and internal quotation marks omitted). The only exception to this rule was the "careful procedure" explained above "to uncover only those facts needed to rule on the immunity claim." *Id.* (quoting *Wicks*, 41 F.3d at 994); *see also Zapata*, 750 F.3d at 485.

Notably, *Carswell* directs defendants to two choices *after* a motion to dismiss is denied: (1) "the defendant can immediately appeal the district court's denial under the collateral order doctrine" or (2) "—à la *Lion Boulos* and its progeny—the defendant can move the district court for discovery limited to the factual disputes relevant to whether [qualified immunity] applies, then reassert [qualified immunity] in a summary judgment motion." *Carswell*, 54 F.4th at 312 (citing *Hutcheson*, 994 F.3d at 481 ("Before limited discovery is permitted, a plaintiff seeking to overcome [qualified immunity] must assert facts that, if true, would overcome that defense.")).

No. 23-30694

*Carswell*, *Zapata*, and *Backe* follow the reasoning set forth in *Lion Boulos*, that is, a party asserting the defense of qualified immunity is immune from discovery that is "avoidable or overly broad," and that when the district court is "unable to rule on the immunity defense without further clarification of the facts" and when the discovery order is "narrowly tailored to uncover those facts needed to rule on the immunity claim," an order allowing such limited discovery is neither avoidable nor overly broad. *Lion Boulos*, 834 F.2d at 507–08. "If the complaint alleges facts to overcome the defense of qualified immunity, the district court may then proceed under *Lion Boulos* to allow the discovery necessary to clarify those facts upon which the immunity defense turns." *Wicks*, 41 F.3d at 995 (citing *Lion Boulos*, 834 F.2d at 507–08).

Here, the defense of qualified immunity turns on whether Dowdle continued using deadly force by firing shots at Asante-Chioke after he became incapacitated. The district court was correct in recognizing that to have continued shooting is a clear violation under this circuit precedent. *See Roque v. Harvel*, 993 F.3d 325, 336–39 (5th Cir. 2021). But there were multiple alleged shooters from at least two different law enforcement agencies, thirty-six rounds fired, and a dispute as to whether a single defendant (Dowdle) used deadly force after Asante-Chioke became incapacitated. On the present record, it is not known whether Dowdle fired any shots; how many if so; and when, in relation to Asante-Chioke's actions and death. Through limited discovery, this information may well be discernable. Yet the district court denied Defendants' request for limited discovery in light of Plaintiff's issued discovery requests—which include requests for information and documents not limited to the defense of qualified immunity—staying only discovery as to claims against Dowdle and issues regarding his qualified immunity on appeal.

Our court may review an order under the collateral order doctrine that exceeds the requisite "narrowly tailored" scope. *Backe*, 691 F.3d at 648 ("[I]f

the court remains 'unable to rule on the immunity defense without further clarification of the facts,' it may issue a discovery order 'narrowly tailored to uncover only those facts needed to rule on the immunity claim.' . . . . [W]e may review the order under the collateral order doctrine . . . when the court's discovery order exceeds the requisite 'narrowly tailored' scope.'") (quoting *Lion Boulos*, 834 F.2d at 507–08). This is because one of the most important benefits of the qualified immunity defense is the "protection from pretrial discovery, which is costly, time-consuming, and intrusive." *Carswell*, 54 F.4th at 310 (citation and internal quotation marks omitted). In this case, the district court's failure to limit discovery was tantamount to the denial of qualified immunity. And our jurisprudence strongly favors limited discovery in a case like this where a plaintiff alleges facts to overcome the defense of qualified immunity. *See, e.g.*, *Carswell*, 54 F.4th at 312; *Lion Boulos*, 834 F.2d at 507–08.[1]

\* \* \*

For the foregoing reasons, this court has appellate jurisdiction over the district court's discovery order. The district court is directed to limit discovery to uncover only the facts necessary to rule on qualified immunity. We VACATE and REMAND in line with this opinion.

---

[1] Plaintiff also argues that Col. Davis lacks standing in this case. Because the Plaintiff's claims against Col. Davis are "inextricably intertwined" with the claims against Dowdle, our ruling likewise extends to Col. Davis. *See Thornton v. Gen. Motors Corp.*, 136 F.3d 450, 453 (5th Cir. 1998) ("Pendant appellate jurisdiction is only proper . . . where a final appealable order is 'inextricably intertwined' with an unappealable order or where review of the unappealable order is necessary to ensure meaningful review of the appealable order.") (citation omitted).