# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 25-60148

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

December 29, 2025

Lyle W. Cayce
Clerk

Allyson Majors,

*Plaintiff—Appellee*,

*versus*

The City of Canton, Mississippi; Rodriquez Brown, *Individually and in his Official Capacity as Alderman*; Fred Esco, Jr., *Individually and in his Official Capacity as Alderman*; Les Penn, *Individually and in his Official Capacity as Alderman*; Tim C. Taylor, *Individually and in his Official Capacity as Alderman*; Lafayette E. Wells, *Individually and in his Official Capacity as Alderman*; Kimberly Banks, *Individually and in her Official Capacity as Attorney for the City of Canton*,

*Defendants—Appellants*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:23-CV-265

———————————————————————

Before Haynes, Duncan, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60148

Defendant public officials raised the defense of qualified immunity in response to Plaintiff's federal and state claims alleging retaliatory termination. Without ruling on immunity, the district court ordered limited discovery. Concluding the court failed to heed our precedent, we VACATE the discovery order and REMAND for further proceedings.

I

Allyson Majors filed suit in a Mississippi court against the City of Canton, its Board of Aldermen, and its City Attorney ("Defendants"), alleging she was terminated as City Clerk in retaliation for reporting election fraud and forgery. She raised due process and conspiracy claims under 42 U.S.C. §§ 1983 and 1985, as well as claims under Mississippi law. Defendants removed the case to federal court and moved either to dismiss or for summary judgment, asserting among other defenses qualified immunity and state immunity.

At the last of three hearings, the district court orally denied Defendants' motion, including their immunity defenses, noting that full discovery would proceed after its written opinion was issued. The court's written opinion backtracked, however, clarifying it had not yet ruled on immunity and ordering "limited qualified immunity related discovery" to "plug the many holes" it perceived in the factual record. The court ordered three months of discovery and specified five questions it wanted answered.

Defendants immediately appealed. We have jurisdiction under the collateral order doctrine to review the effective denial of qualified immunity by a discovery order. *Zapata v. Melson*, 750 F.3d 481, 484 (5th Cir. 2014); *see also Ramirez v. Guadarrama*, 3 F.4th 129, 133 (5th Cir. 2021) (per curiam) (qualified immunity must be determined "at the earliest possible stage of the litigation"); *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) (qualified

2

immunity provides "protection from pretrial discovery"). We review the order for abuse of discretion. *See Backe*, 691 F.3d at 649.

## II

Among various grounds for reversal, Defendants argue the district court's discovery order contravened our decision *Carswell v. Camp*, 54 F.4th 307 (5th Cir. 2022). *Carswell* stands for the general proposition that a court "may not permit discovery against the immunity-asserting defendants before it rules on their defense." *Id.* at 311. *Carswell* goes on to explicate the "careful procedure" a court must follow before ordering "discovery narrowly tailored to rule on [defendants'] immunity claims," as the district court here appeared to do. *Ibid.* (alteration in original) (internal quotation omitted). We agree with Defendants that the court did not follow *Carswell*. Three reasons stand out.

First, to the extent Majors asserts constitutional claims, her allegations must survive an immunity-based motion to dismiss without the benefit of discovery. *Carswell* holds this plainly. *See ibid.* ("The Supreme Court has now made clear that a plaintiff asserting constitutional claims against an officer claiming QI must survive the motion to dismiss without *any* discovery."); *see also id.* at 311–12 ("[T]he question presented by a motion to dismiss a complaint [on immunity grounds] for insufficient pleadings does not turn on the controls placed upon the discovery process." (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 684–85 (2009))).

Second, the district court never ruled whether Majors's allegations overcame Defendants' qualified immunity.[1] Instead, it ordered "limited"

---

[1] Although Defendants attached documents to their motion, they contended the documents were part of the pleadings and could be considered without converting the motion to dismiss into a motion for summary judgment. The district court did not specifically address whether it considered Defendants' motion as a motion to dismiss or as

No. 25-60148

discovery, without explaining how that would aid the immunity determination. That was error. A court "may not defer ruling" on a qualified immunity assertion, nor allow even "cabined" discovery, "before it has determined plaintiffs have pleaded facts sufficient to overcome the defense." *Carswell*, 54 F.4th at 312 (citing *Iqbal*, 556 U.S. at 686).

Third, the court entered its discovery order without Defendants' requesting it. *Carswell* clarified that a court may order limited discovery only after it has denied an immunity-based motion to dismiss and the defendants have moved for that discovery. *Ibid.* The reason for this is to allow the defendant to choose whether to seek an immediate appeal of the immunity denial or instead to undergo the burdens of discovery. *See ibid.* (explaining "the defendant alone enjoy[s] this choice . . . [b]ecause only the defendant-official enjoys qualified immunity from suit") (citing *Hutcheson v. Dall. Cnty.*, 994 F.3d 477, 481 (5th Cir. 2021); *Iqbal*, 556 U.S. at 685).

## III

Accordingly, we VACATE the district court's discovery order and REMAND for further proceedings consistent with this opinion.[2]

---

one for summary judgment, but its finding that "genuine issues of fact permeate this lawsuit" suggests it considered the motion as one for summary judgment. The district court should make clear what type of motion it is considering and deciding.

[2] We therefore do not reach the parties' contentions on the merits of the motion to dismiss.